Susan L. MILLS and Rachel N.
Mills, Appellants–Plaintiffs,

v.

Steve T. COIL, Appellee–Defendant.

No. 02A03–9409–CV–325.

Court of Appeals of Indiana,
Third District.

March 15, 1995.

Rehearing Denied July 13, 1995.

Arthur M. Weingartner, Cornelius, Weingartner & Polley, Fort Wayne, for appellant.

Robert T. Keen, Larry L. Barnard, Miller Carson Boxberger & Murphy, Fort Wayne, for appellee.

## OPINION

STATON, Judge.

Susan and Rachel Mills (collectively "Mills") appeal the trial court's order setting aside a default judgment entered in their favor. Mills raises one issue on appeal which we restate as follows: whether the trial court erred in setting aside the default judgment.

We affirm.

The facts most favorable to the judgment are as follows. Mills and Steven Coil ("Coil") were involved in a two-car accident. At the time of the accident, Coil resided in Fort Wayne. After settlement negotiations, Mills

filed suit against Coil, serving the complaint by certified mail at Coil's Fort Wayne address. Three months before Mills filed suit, however, Coil had moved to Ohio with no intention of returning to Indiana.

Coil's mother, who still owned the Fort Wayne home, received the complaint via a forwarding order left with the United States mail. She also resided in Ohio at this time, but not with Coil. She signed the return receipt and informed Coil that he had received a certified letter regarding the accident. She then forwarded the complaint to Coil's insurance carrier.

Coil failed to answer the complaint and a default judgment was entered for Mills. Before the garnishment hearing, Coil requested an extension of time and then moved the trial court to set aside the default judgment. The trial court granted the motion, holding the judgment void[1] for lack of personal jurisdiction over Coil because he was never properly served with the complaint. This appeal ensued.

■ Coil moved for relief from judgment under Ind.Trial Rule 60(B)(6) which reads, in part, "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default [if] the judgment is void." Generally, the grant or denial of a motion for relief from judgment is within the sound discretion of the trial court and we will reverse only for abuse of that discretion. Ind.Trial Rule 60; *Santiago v. Kilmer* (1992), Ind.App., 605 N.E.2d 237, 239, *trans. denied.*

■ Mills argues that this court should review de novo a trial court's decision to set aside a default judgment under T.R. 60(B)(6). To support her argument, Mills offers this court's language in *Santiago* stating that "a motion under T.R. 60(B)(6) alleging the judgment is void requires no discretion on the part of the trial court because either the judgment is void or it is valid." *Id.*

Mills reliance on the above language is misplaced. In *Santiago* the trial court lacked subject matter jurisdiction over the case because the plaintiff had not satisfied the jurisdictional prerequisite of securing a decision from a medical review panel. *Id.,* at 240. The pertinent facts being undisputed and the law clear, the trial court lacked jurisdiction and the resulting judgment was void. In such a case, it is proper to say that the trial court has no discretion in the matter.

In Mills' case, the facts are disputed and the law of service for personal jurisdiction provides no clear lines. In such a case, the abuse of discretion standard is applied. Thus, we will only reverse the judgment if it goes against the logic and effect of the facts before it or the trial court has misinterpreted the law. *LaPalme v. Romero* (1993), Ind., 621 N.E.2d 1102, 1104. Further, we will not reweigh the evidence, and we give the trial court's order substantial deference. *Id.*

■ Having determined the standard, we now look to the facts surrounding the defective service upon Coil. The Indiana Rules of Trial Procedure allow several methods of service upon a defendant. The rule states, in part:

> Service may be made upon an individual, or an individual acting in a representative capacity, by: (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment or receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or ... (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode[; or] (4) serving his agent as provided by rule, statute or valid agreement.

Ind.Trial Rule 4.1(A). The trial court found that Mills was living independently from his

---

1. More properly, a judgment would be considered "voidable" if obtained in the absence of personal jurisdiction because the error could be ratified by subsequent action. *Chapin v. Hulse* (1992), Ind.App., 599 N.E.2d 217, 220. A "void" judgment, on the other hand, would be that obtained in the absence of subject matter jurisdiction and, thus, could not be ratified by later action. *Id.* We will, however, defer to the common usage which employs the term "void" to encompass all jurisdictional defects.

mother when service was made at the Fort Wayne address. As such, the trial court concluded that service was not made upon Coil's residence as required by statute.

■ Service upon a defendant's former residence is insufficient to confer personal jurisdiction. *Poteet v. Bethke* (1987), Ind. App., 507 N.E.2d 652, 654. Acknowledging this, Mills argues that the rules of service are designed to comport with due process and due process only requires service be made in a manner reasonably calculated to inform the defendant of the impending lawsuit. *Washington v. Allison* (1992), Ind.App., 593 N.E.2d 1273, 1275. Mills' case is easily distinguished from *Washington;* Washington sought to vacate a default judgment after a summons and complaint were left at his business address. No return receipt was requested, though service was also made by United States mail at the same business address. While the service was not technically proper, the trial court held that the service was sufficient and this court affirmed. *Id.,* at 1277.

The service in *Washington* was more reasonably calculated to inform Washington than Mills' service. Mills served Coil at a two-year-old address without any independent reason to suspect Coil might still be there. Also, the *Washington* trial court had upheld the default judgment and so this court owed deference to that judgment on appeal. Mills does not have the luxury of this deference.

The trial court held that, absent an independent basis for believing that Coil was still at this address, Mills' method of service was not reasonably calculated to inform Coil of the suit.[2] We conclude that the trial court did not abuse its discretion in so holding.

Mills next argues that service upon a college student's parents, while the student is away at school, satisfies due process. *Hubbard v. Brinton* (E.D.Pa.1961), 26 F.R.D.

564. In *Hubbard,* the student considered his parents' home his permanent residence. Mills' case differs from *Hubbard,* however, in that Coil was residing independently and had no intention of returning to Indiana, thus service was never made upon his residence.[3]

■ Finally, Mills argues that Coil waived the issue of personal jurisdiction by requesting a continuance before moving to set aside the default judgment. To the contrary, seeking an extension of time is not the type of affirmative relief that waives the ability to impose a jurisdictional defense. *State v. Omega Painting* (1984), Ind.App., 463 N.E.2d 287, 292, *reh. denied,* 464 N.E.2d 940.

For all of the reasons given above, the trial court was within its discretion in setting aside the default judgment against Coil.

Affirmed.

NAJAM, J., concurs.

GARRARD, J., concurs in result without opinion.

---

**2.** Contrary to Mills' argument, actual knowledge of the suit is not relevant to the sufficiency of service. *Washington, supra,* at 1275.

**3.** This case is distinguished from *Grecco v. Campbell* (1979), 179 Ind.App. 530, 386 N.E.2d 960, *trans. denied,* for the same reasons.

Mills' accompanying argument that Coil's insurance company and his mother were his agents for purposes of service is untenable. In order to base service on an agency relationship, the agent must have been designated by statute or valid agreement. Ind.Trial Rule 4.7; *Poteet, supra,* at 654. Mills makes no such argument.