**James H. HIGGASON, Jr.,**
**Plaintiff–Appellee,**

v.

**Paul AUTTERSON, Defendant–**
**Appellant.**

**No. 02–1404.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Oct. 24, 2002.

Before BAUER, POSNER, and DIANE P. WOOD Circuit Judges.

### ORDER

Inmate James Higgason filed suit against eight Indiana State Prison correctional officers, including appellant Paul Autterson, alleging that in April 1993, while he was confined in disciplinary segregation, the officers deprived him of property without due process of law by permitting inmates to steal most of his belongings and afterwards disposing of almost all the remaining property in his cell. A deputy marshal submitted a return of service indicating that he had served a summons and complaint on Autterson by certified mail, and when Autterson never appeared in the district court, the court entered a default in Higgason's favor. Thirty-four months later the district court entered a default judgment against Autterson in the amount of $27,255 in damages and $150 in costs. After entry of the default judgment Autterson sought to set the judgment aside. He argued that the district court had never acquired personal jurisdiction over him, and that, in the alternative, his failure to appear had been due to excusable neglect. The court denied Autterson's motion to vacate the judgment, but reduced the damages calculation to $15,279. For the reasons stated below, we vacate the default judgment and remand for further proceedings.

This case has a long and complicated procedural history. Higgason first filed a federal action against the eight officers in September 1993, shortly after his release from segregation. At the defendants' urging the district court dismissed his case on the theory that the Indiana Tort Claims Act provided Higgason with an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). After we affirmed the district court's dismissal, Higgason attempted to avail himself of the state's post-deprivation remedy by filing a *pro se* tort action

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

against the defendants in Laporte Superior Court, Small Claims Division. But when the state court set the case for trial and ordered Higgason to be transported so that he could prosecute his case in court, the defendants objected, arguing that the state court had no jurisdiction to order Higgason's transportation. *See Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind.Ct. App.1997). The state court agreed, and Higgason remained incarcerated. Based on its inability to bring Higgason to court for trial, the state court dismissed Higgason's case without prejudice. Higgason attempted to appeal the decision, but the appellate court declined review.

Having been thwarted in state court, Higgason returned to federal court and filed this action pursuant to 42 U.S.C. § 1983 alleging that the eight defendant officers violated his rights under the First, Fifth, and Fourteenth Amendments. The defendants again tried to dismiss the case under *Parratt,* but this time the district court denied their motion, reasoning that Higgason had rebutted the presumption that an adequate post-deprivation remedy existed. The Indiana Attorney General's office entered appearances on behalf of four of the defendants, and those defendants ultimately prevailed on summary judgment. Return of service was shown as executed upon the other four defendants, including Autterson, who was allegedly served process by certified mail on March 18, 1998. When Autterson and his three co-defendants failed to appear by August 1998, the court entered defaults against them. On May 30, 2001, the court entered an order directing a final judgment of $27,255 in damages and $150 in costs jointly against Autterson and the other defaulted defendants.

Five days later the Indiana Attorney General's office discovered through an audit of its internal computerized docketing program that on March 30, 1998, Autterson had requested state representation in Higgason's lawsuit, but no one had ever been designated to appear on Autterson's behalf. On June 14 the Attorney General's office entered an appearance for Autterson and moved to set aside the default judgment. Autterson asserted two grounds for relief. First, he contended that Higgason had never legally served him with process, and thus the court never acquired personal jurisdiction over him, rendering its judgment against him void. *See* Fed.R.Civ.P. 60(b)(4). Second, Autterson argued that, even if service had been proper, the Attorney General's office's failure to appear on his behalf had been due to excusable neglect and he was taking quick action to correct the default and to pursue a meritorious defense to Higgason's complaint. *See* Fed.R.Civ.P. 60(b)(1). In the alternative, Autterson requested that, pursuant to Fed.R.Civ.P. 59(e), the court either vacate or reconsider the amount of the judgment.

Autterson supported his Rule 60(b) motion with two signed declarations: one from Autterson, and one from K.C. Norwalk, the attorney who entered an appearance on Autterson's behalf. Norwalk avers that the United States Marshals Service informed him that the certified mail return receipt for the summons and complaint mailed to Autterson was signed on March 18, 1998, by an individual named Terry Anderson. In his declaration, Autterson identifies Anderson as his brother-in-law. Autterson also states that he lived with Anderson when he first left his employment with the Indiana State Prison in 1994, that in March 1998 he no longer lived at Anderson's residence, and that Anderson never informed him about the summons and complaint, or provided him with copies. Finally, Autterson admits that in March 1998 a prison official informed him that he was a defendant in

Higgason's lawsuit, and that this information prompted him to seek counsel.

Higgason, in responding to Autterson's motion to set aside the default judgment, never disputed the factual assertions raised in Autterson's supporting declarations. Instead he argued that even if Anderson signed for the certified mail and Autterson no longer resided with his brother-in-law when service was attempted, Autterson nonetheless had been properly served because Anderson had assumed a legal obligation to provide him with the complaint and summons by signing for the certified mail.

The district court adopted Higgason's reasoning, concluding that the procedure followed by the deputy marshal was valid service under Indiana law because it was reasonably calculated to inform Autterson of the lawsuit. The court also found that the Attorney General's failure to timely enter an appearance on Autterson's behalf was an "improvident tactical decision" rather than excusable neglect, and denied relief on that basis. But the court did grant Autterson partial relief when it reduced the amount of the default judgment to $15,279 in damages and $150 in costs. On appeal Autterson argues that the district court abused its discretion both when it denied his motion to vacate the default judgment and when it calculated Higgason's damages award.

We review the district court's denial of Autterson's motion to set aside the entry of default and default judgment for abuse of discretion. *Robinson Eng'g Co., Ltd. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir.2000). Ordinarily a district judge has broad discretion in applying Rule 60(b), but if the underlying judgment is void the court's denial of a motion to vacate the judgment under Rule 60(b)(4) would *per se* be an abuse of discretion. *See Marques v. Fed. Reserve Bank of Chi-*cago, 286 F.3d 1014, 1018 (7th Cir.2002); *Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir.2000). Autterson argues that the default judgment was void because a prerequisite to the district court's assertion of personal jurisdiction over him was never satisfied: namely, he was never properly served with process. *See Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir.1996). We agree.

Service upon an individual may be effected by various methods including personal service, abode service, and service on an agent authorized by appointment or by law to receive service. *See* Fed.R.Civ.P. 4(e)(2). Based on the undisputed facts included in the declarations supporting Autterson's motion to vacate the default judgment, the district court concluded, and we agree, that Autterson was not served with process under any of these methods. Higgason, who assumed the correctness of these facts and never challenged them in the district court, attempts to do so now. But we decline to entertain such objections raised for the first time on appeal. *See Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 797 (7th Cir.1980); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir.1954). And no evidence in the record suggests that the summons and complaint were ever delivered to Autterson personally, or that Autterson maintained residence at the Anderson home when the documents were sent there by certified mail, or that Anderson, who accepted the certified mail addressed to Autterson, was authorized to receive service on behalf of his brother-in-law.

Under Fed.R.Civ.P. 4(e)(1), Higgason also had the option of effecting service of process under Indiana law, which allows for service on an individual or individual acting in a representative capacity by sending the summons and complaint by registered or certified mail "to his resi-

dence [or] place of business or employment." Indiana Trial Rule 4.1(A)(1). But once again, the attempt to serve Autterson by certified mail fell short because the complaint and summons were not sent to either Autterson's residence or his place of business. The facts as construed by the district court establish that the deputy marshal sent the certified mail to Autterson's former residence.

The district court nevertheless concluded that service by certified mail at a former residence could satisfy the requirements of process service in Indiana if read in conjunction with the savings clause in Indiana Trial Rule 4.15(F) and with Rule 4.16(B) which imposes affirmative duties on "anyone accepting service for another person." Rule 4.15(F) provides that service "reasonably calculated to inform the person to be served that an action has been instituted against him" is not insufficient. The district court concluded that the deputy marshal, by obtaining Autterson's last known residential address and sending the complaint and summons there by certified mail, had followed a procedure reasonably calculated to inform Autterson of Higgason's lawsuit, especially because Anderson signed for the certified mail on Autterson's behalf and, according to the court, had a duty under Rule 4.16 to promptly deliver the complaint to Autterson or notify the clerk that he was unable to deliver the notice to Autterson. *See* Indiana Trial Rule 4.16(B).

But several state court decisions directly contradict the district court's interpretation of the Indiana rules. First, the savings clause generally cures only technical defects in the service of process, not the total failure to serve process on the defendant. *See LaPalme v. Romero,* 621 N.E.2d 1102, 1106 (Ind.1993) (delivery of summons to defendant's employer rather than directly to defendant not cured by

statute allowing defects in service). Second, Indiana courts have specifically determined that service upon a defendant's former residence is insufficient to confer personal jurisdiction and is not reasonably calculated to inform the defendant of the pending lawsuit. *See Hill v. Ramey,* 744 N.E.2d 509, 512 (Ind.Ct.App.2001); *Mills v. Coil,* 647 N.E.2d 679, 681 (Ind.Ct.App. 1995). Finally, Indiana courts have expressly rejected arguments that Trial Rule 4.16(B) establishes duties when any ordinary person accepts service for another. Instead, Rule 4.16 has been held to apply to the significantly smaller class of individuals with *legal authority* to accept service. *See LaPalme,* 621 N.E.2d at 1106. Without evidence that Anderson was legally authorized to accept service on behalf of his brother-in-law, the district court erred in concluding that Higgason effected valid service by sending a complaint and summons by certified mail to Autterson's former residence.

Because service upon Autterson was never properly effected, the district court lacked personal jurisdiction over Autterson and therefore its default judgment against him was void. Moreover, the district court abused its discretion by denying Autterson's motion to vacate the default judgment. *See Marques,* 286 F.3d at 1018. Accordingly, we vacate the district court's denial of Autterson's motion to set aside the default judgment and remand for further proceedings consistent with this order. And because setting aside the default judgment against Autterson will render moot his remaining arguments on appeal, we decline to reach them.

VACATED and REMANDED.