OPINION
{¶ 1} Plaintiff-appellant, Anka Apostolouski, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Jason Cohen.
 {¶ 2} Appellant and appellee were involved in a three-car accident on February 13, 1998. On that date, law enforcement prepared an accident report and listed appellee's address as 6213 Roxburgh Court in Columbus, Ohio, the address where appellee's mother, Linda Cohen, resides. The accident report also denotes that appellee's father, Robert Cohen, owned the car appellee was driving and lived on Laurel Ridge in Gahanna, Ohio. The report lists appellee's phone number as Robert Cohen's.
 {¶ 3} Appellant filed a negligence action against appellee on February 4, 2000. Appellant also filed against: (1) Robert Cohen; and (2) Stephen and Douglas Sharp, individuals pertaining to the other automobile involved in the accident.
 {¶ 4} While appellee's answer to that complaint is not part of our record, according to appellee, he denied in that answer being a resident of Ohio, and he asserted the defense of insufficient service of process. Also, on October 23, 2000, appellee answered appellant's Civ.R. 33 interrogatories. In those answers, appellee indicated that he resided at 5211 Wilkins Avenue, Apartment 4, Pittsburgh, Pennsylvania.
 {¶ 5} Ultimately, appellant voluntarily dismissed the action on April 3, 2001. However, appellant re-filed the negligence complaint against appellee and Stephen Sharp on April 2, 2002.
 {¶ 6} In the re-filed complaint, appellant listed appellee's address at Roxburgh Court in Columbus, Ohio. Thus, the Franklin County Clerk of Courts sent certified mail service on appellee to the Roxburgh Court address. Linda Cohen signed the certified mail return receipt on April 19, 2002.
 {¶ 7} On March 24, 2003, appellant requested certified mail service on appellee to Robert Cohen's address at Laurel Ridge in Gahanna, Ohio. On March 25, 2003, appellant requested certified mail service on appellee at the address listed in the interrogatories: 5211 Wilkins Avenue, Pittsburgh, Pennsylvania. The clerk of courts received the certified mail return receipts as unclaimed. Thus, these service attempts were unsuccessful.
 {¶ 8} Also, on March 24, 2003, appellant moved for default judgment against appellee because appellee had not filed an answer to the re-filed complaint. Appellant sent a copy of the motion to appellee at the Roxburgh Court address. Appellee did not respond, and the trial court granted the default judgment on March 28, 2003.
 {¶ 9} On May 22, 2003, appellant deposed Linda Cohen. According to Linda Cohen, appellee moved out of the Roxburgh Court address in 1996 and moved in with her ex-husband, Robert Cohen. However, Linda Cohen continued to serve as the "residential and custodial parent address for educational purposes." (Depo. at 10.) Linda Cohen testified that appellee then moved out of Ohio in 1998 to attend college in Pittsburgh, Pennsylvania. According to Linda Cohen, appellee lived in a dormitory during his first year at college. During his second year at college, appellee moved to an address on Wilkins and Fifth. At the beginning of his third year in college, appellee moved to 5700 Wilkins Avenue in Pittsburgh, Pennsylvania. Linda Cohen testified that appellee continued to reside at 5700 Wilkins Avenue upon graduating from college in May 2003. Furthermore, Linda Cohen stated that appellee did not come to Ohio during the summers and even spent one summer working in Seattle, Washington. Linda Cohen also noted that, since April 2002, she saw appellee approximately "half a dozen times," with half of that time constituting appellee coming to Columbus to visit her. (Depo. at 19.)
 {¶ 10} Linda Cohen would "take care of" appellee's mail that arrived at her house. (Depo. at 18.) She "believe[s]" that she received the original February 2000 negligence complaint at her address on Roxburgh Court. (Depo. at 14.) Appellee had asked Linda Cohen to send documents pertaining to the suit to Robert Cohen, an attorney. Appellee told Linda Cohen that Robert Cohen was handling the suit.
 {¶ 11} Linda Cohen also verified that she signed for the certified mail containing the April 2002 complaint and forwarded it to Robert Cohen in accordance with appellee's previous instructions. She then informed appellee that she received the newly filed negligence complaint and that she forwarded it to Robert Cohen. However, Linda Cohen believed that it was "[q]uestionable" that Robert Cohen actually forwarded the complaint to appellee. (Depo. at 25.)
 {¶ 12} Lastly, Linda Cohen testified that she contacted Robert Cohen after receiving the deposition notice and that Robert Cohen told her that he was not handling the suit. At that point, Robert Cohen gave her the name of appellee's counsel.
 {¶ 13} On June 3, 2003, appellee filed a motion to vacate the March 28, 2003 default judgment, claiming that he "never received a copy of the Complaint or Summons." Appellant filed no response, and the trial court vacated the default judgment on September 2, 2003.
 {¶ 14} In the meantime, on June 3, 2003, appellant requested ordinary mail service on appellee to Robert Cohen's address at Laurel Ridge in Gahanna, Ohio. The mail came back to the clerk of courts as unclaimed. Thus, the service was unsuccessful.
 {¶ 15} On September 23, 2003, appellee filed a motion to dismiss, arguing that appellant failed to properly serve him with the complaint and that the statute of limitations barred the negligence action. Appellant filed her memorandum against the motion to dismiss on November 3, 2003. On December 4, 2003, the trial court denied appellee's motion, finding that "[o]n the meager evidence presented, this Court can hardly conclude that the summons was not sent to the address at which Mr. Cohen was most likely to receive notice." Indicating that appellee's motion relied "entirely upon evidence outside of the complaint[,]" the court stated that, if appellee "wishes his * * * motion to be converted to a summary judgment motion, he shall indicate that preference by filing a summary judgment motion[.]"
 {¶ 16} Thereafter, on December 16, 2003, appellant requested certified mail service on appellee to 2700 Wilkins Avenue in Pittsburgh, Pennsylvania. The clerk of courts received the certified mail return receipt as unclaimed, with a notation, "no such number/street."
 {¶ 17} After the trial court denied appellee's motion to dismiss, appellee filed an answer to appellant's re-filed negligence complaint on December 24, 2003. In the answer, appellee claimed that appellant did not obtain proper service of process.
 {¶ 18} On March 22, 2004, appellant requested certified mail service on appellee to 5700 Wilkins Avenue in Pittsburgh, Pennsylvania. The clerk of courts received the certified mail return receipt as unclaimed.
 {¶ 19} On April 12, 2004, appellant requested certified mail service on appellee to 5636 Wilkins Avenue, Apartment 1, Pittsburgh, Pennsylvania. This time, on April 23, 2004, appellee signed the certified mail return receipt.
 {¶ 20} Appellee filed a motion for summary judgment on May 24, 2004. Appellee reiterated his arguments that appellant failed to obtain proper service of process and that the statute of limitations barred this action. Appellant did not respond to the motion, and the trial court granted summary judgment in favor of appellee on September 1, 2004.
 {¶ 21} Appellant appeals, raising two assignments of error:
1. The trial court committed reversible error by granting defendant-appellee's motion for summary judgment as service of process upon defendant-appellee jason cohen was legally sufficient.
2. The trial court committed reversible error by granting defendant-appellee's motion for summary judgment as the statute of limitations on the claims against defendant-appellee jason cohen had not, and still have not expired.
 {¶ 22} In her assignments of error, appellant contends that the trial court erred by granting summary judgment in favor of appellee. We disagree.
 {¶ 23} We apply de novo review to a trial court's decision to grant summary judgment. Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54,58. Pursuant to Civ.R. 56(C), a trial court may grant summary judgment if: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and, after "viewing such evidence most strongly in favor of the nonmoving party," that conclusion is adverse to the nonmoving party. State ex rel. Mayes v. Holman (1996),76 Ohio St.3d 147, 148.
 {¶ 24} Appellant's failure to respond to the summary judgment motion does not compel automatic summary judgment. See Bank One, Columbus, N.A.v. Girardi's Restaurant Bar, Inc. (Mar. 3, 1994), Franklin App. No. 93AP-1024. "`[E]ven if the non-moving party does not submit evidence opposing that which the moving party has submitted, Civ.R. 56(E) states that the court shall grant summary judgment only "if appropriate."'" BankOne, Columbus, N.A., citing Stemen v. Shibley (1982), 11 Ohio App.3d 263,268.
 {¶ 25} In support of his summary judgment motion, appellee contended that appellant failed to commence this action under Civ.R. 3(A), which states that a civil action "is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." According to appellee, appellant did not obtain proper service within one year of the re-filed negligence action.
 {¶ 26} Civ.R. 3(A) provides a means for a court to clear its docket "if service has not been attained within the reasonable time of one year." Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157. Thus, a trial court may dismiss an action if a plaintiff failed to obtain service within one year after filing the complaint. Id.; Sheets v. Sasfy (Jan. 26, 1999), Franklin App. No. 98AP-539. "In general, the one-year time requirement in Civ.R. 3(A) cannot be enlarged." Temple v. John Galt Co.
(Apr. 10, 1997), Franklin App. No. 96APE10-1364. Cf. Goolsby v. AndersonConcrete Corp. (1991), 61 Ohio St.3d 549, 551 (allowing a very limited exception where "service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3[A]").
 {¶ 27} Here, appellant claims that she properly obtained service upon appellee in April 2002, when the clerk of courts sent the complaint to Linda Cohen's address. We disagree.
 {¶ 28} Service of process must comply with due process requirements.Regional Airport Authority v. Swinehart (1980), 62 Ohio St.2d 403, 406. "`An elementary and fundamental requirement of due process * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (Emphasis sic.) Id., quotingMullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314. Thus, due process requires a plaintiff to obtain service of process in a manner "`reasonably calculated' to reach interested parties." Swinehart
at 406. We "examine each case upon its particular facts to determine if notice was reasonably calculated to reach the interested party." Id. at 407.
 {¶ 29} In Thoenes v. Tatro (Or. 1974), 529 P.2d 912, 919-920, the Oregon Supreme Court held that a plaintiff did not obtain proper service of process on an out-ofstate college student by serving the complaint at the student's parents' address. Like Swinehart, the court indicated that due process requires that service of process be "reasonably calculated to come to one's attention." Thoenes at 919. The court noted that due process precluded the plaintiff from relying "upon a member of defendant's family to transmit the information" out of state. Id. at 920. Similarly, the court indicated that "it is possible that notice may not reach the defendant when papers are so delivered" to him. Id.
 {¶ 30} Likewise, in Cox v. Quigley (D.Maine 1992), 141 F.R.D. 222, 223, the United States District Court for the District of Maine concluded that a plaintiff did not properly serve a defendant at his parents' address. The court stated that the defendant had resided and found employment out of state after he graduated from college. Id. at 226. The court found it irrelevant that the defendant sometimes used his parents' address to obtain financial documents. Id. Rather, the court acknowledged that the defendant was transient and that the plaintiff needed "to find a method that will reasonably assure timely notice of the lawsuit." Id.
 {¶ 31} Moreover, in Mills v. Coil (Ind.App. 1995), 647 N.E.2d 679,681, an Indiana appellate court concluded that a plaintiff did not properly serve an out-of-state defendant at his mother's address. The court reasoned that the defendant "was residing independently and had no intention of returning to Indiana." Id. Thus, like Swinehart, the appellate court agreed with the trial court that service of process "was not reasonably calculated to inform [the defendant] of the suit." Id.
 {¶ 32} Here, when the clerk of courts sent service of process to Linda Cohen's address in April 2002, appellee was attending college in Pennsylvania. He had not lived at Linda Cohen's address since 1996, and he had not lived in Ohio since 1998. Since leaving Ohio, appellee has not maintained regular access to Linda Cohen's home. Appellee did not reside with his parents during summer breaks and even worked in the state of Washington during one summer. Thus, at the time of service, appellee was no longer living with his mother and was living out of state with no intention of moving back to Ohio. Therefore, appellant's service at Linda Cohen's address risked appellee not receiving the complaint.
 {¶ 33} We further conclude that service to Linda Cohen's address was improper because appellee actually informed appellant that he was no longer living in Ohio. By his answer and answers to interrogatories in the first action, appellee put appellant on notice that proper service would be in Pennsylvania, not Ohio. "[W]e look suspiciously at any service attempted by means falling short of that most likely to achieve success." Swinehart at 406. Accordingly, like Thoenes, Cox, and Mills,
and pursuant to Swinehart, we conclude that service of process to Linda Cohen's address was not "reasonably calculated" to reach appellee.
 {¶ 34} Nor did Robert Cohen's receipt of the complaint constitute service of process "reasonably calculated" to reach appellee. Robert Cohen was not representing appellee in the case and was no longer a party in the action. Although appellee had initially asked Linda Cohen to send Robert Cohen documents pertaining to the suit, due process required appellant to serve appellee with the complaint in a manner that would provide him notice of the action and not force him to rely on either of his parents to transmit information about the suit. See Thoenes at 920.
 {¶ 35} We recognize, as the trial court did initially when it denied appellee's motion to dismiss, the "common knowledge that, typically, students frequently move during their college careers. Mr. Cohen's mother's testimony as to his several addresses during his own college career merely served to verify this." In addition, we acknowledge that the police report identified appellee's address as the Roxburgh Court address, that is, his mother's address. It is difficult "for plaintiffs to serve some highly mobile or transient defendants." Cox at 226. In particular, "[p]laintiffs have occasionally found themselves in tight spots when the Civ.R. 3(A) one year period has almost run and the defendant is out of state." Mullins v. Geddings (Mar. 20, 1986), Ross App. No. 1170. Nonetheless, even though appellee moved to several out-of-state addresses, appellant was responsible for finding "a method that will reasonably assure timely notice of the lawsuit." Cox at 226.
 {¶ 36} We also note that, while appellee denies ever receiving the complaint, it appears from the record that his father received the complaint and that his lawyer was kept apprised of the case as it proceeded against the co-defendant. From the record, we can only conclude that appellee was aware of the lawsuit and was avoiding service intentionally. As troubling as this legal gamesmanship is, however, the Ohio Supreme Court has declined to create an exception to Civ.R. 3(A) based on an "indicia of legal gamesmanship on the part of the defendant and her counsel[.]" Maryhew at 159. And, a defendant's general awareness of the suit "does not dispense with the necessity of service." Id. at 157.
 {¶ 37} A plaintiff is not without recourse if unable to locate a defendant when attempting service. See Hrabak v. Collins (1995),108 Ohio App.3d 117, 122. Pursuant to R.C. 2703.20, in a civil suit "arising out of * * * any accident or collision occurring within this state," the Ohio secretary of state is an agent for service of process for an out-of-state resident who operated a vehicle in Ohio, or for an Ohio resident "being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts." R.C. 2703.20 is a "special statutory proceeding" that exists apart from the Rules of Civil Procedure. Anson v.Tyree (1986), 22 Ohio St.3d 223, 226.
 {¶ 38} In the final analysis, appellant was responsible for obtaining proper service of process within the one-year time period outlined in Civ.R. 3(A). See Maryhew at 159; Cox at 226. Appellant did not obtain proper service of process when the clerk of courts sent the complaint to Linda Cohen's address. Therefore, appellant failed to obtain service of process within the Civ.R. 3(A) one-year period from her re-filing the negligence complaint on April 2, 2002. As such, the trial court properly granted summary judgment in favor of appellee. See Maryhew at 157;Sheets.
 {¶ 39} Because the trial court properly granted summary judgment for lack of service of process, the subject of appellant's first assignment of error, we render moot appellant's second assignment of error, which concerns whether appellant commenced this action within the applicable statute of limitations. App.R. 12(A)(1)(c). Accordingly, we overrule appellant's first assignment of error, render moot appellant's second assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and McGrath, JJ., concur.