## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Mario Garcia
Christopher H. Weintraut
Brattain Minnix Garcia
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David J. Jurkiewicz
Nathan T. Danielson
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mikhail Goloverya,

*Appellant-Defendant,*

v.

Nextgear Capital, Inc.,

*Appellee-Plaintiff.*

December 28, 2015

Court of Appeals Case No. 29A05-1508-CC-1215

Appeal from the Hamilton Superior Court

The Honorable Steven R. Nation, Judge

Cause No. 29D01-1501-CC-141

**Bradford, Judge.**

# Case Summary

[1] In 2013, Appellee-Plaintiff Nextgear Capital, Inc. made a commercial loan ("the Loan") in the amount of $100,000.00 to G Auto Sales, Inc., of which Appellant-Defendant Mikhail Goloverya was president. Goloverya had

recently executed an individual guaranty ("the Guaranty") in favor of Nextgear in which he guaranteed payment of G Auto Sales's liabilities to Nextgear. G Auto Sales defaulted on the Loan, and Nextgear filed a complaint seeking to enforce the Guaranty against Goloverya. Nextgear caused the trial court clerk to serve the complaint on Goloverya at an address on Grasshopper Street in Warminster, Pennsylvania ("the Grasshopper Address"), the address Goloverya provided in connection with the Loan and listed on the Guaranty.

The complaint and summons were sent to the Grasshopper Address and signed for by Goloverya's mother. Goloverya received the complaint and summons within a week afterwards, and telephoned an attorney for Nextgear and informed him that he had received them. Nextgear made no further attempts at service, and Goloverya did not respond to the complaint in the trial court. Over thirty days later, Nextgear filed its motion for default judgment. The trial court entered judgment in favor of Nextgear, and, after Goloverya's attempt to appeal was untimely, he filed a motion to set aside the judgment, which the trial court denied. Goloverya appeals, contending that the judgment in favor of Nextgear is void for lack of personal jurisdiction due to legally deficient service of the complaint and summons. We affirm.

## Facts and Procedural History

In August of 2013, Goloverya, who operated G Auto Sales in New Jersey, executed the Guaranty in favor of Nextgear guaranteeing certain of G Auto Sales's obligations to Nextgear. The Guaranty listed the Grasshopper address

as the address to which notices to Goloverya were to be sent. In September of 2013, G Auto Sales obtained the Loan, in the amount of $100,000.00, from Nextgear, an obligation subject to the Guaranty.

[4] As of December 31, 2014, G Auto Sales had defaulted on the Loan and owed $284,717.02. On January 9, 2015, Nextgear filed suit against Goloverya on the Guaranty. Nextgear sent copies of the complaint and summons to the Grasshopper address via certified or registered mail. On January 13, 2015, the complaint and summons were received at the Grasshopper Address and signed for by Goloverya's mother. On January 20, 2015, an attorney for Nextgear received a telephone call from Goloverya, in which he admitted that he had received the complaint and summons. Nextgear made no further attempts to serve Goloverya with copies of the complaint and summons. Goloverya, however, filed no response to the complaint at this point.

[5] On February 20, 2015, Nextgear moved for default judgment, and the trial court entered default judgment in favor of Nextgear on February 27, 2015. On March 28, 2015, Goloverya filed a notice of appeal, which this court dismissed on April 16, 2015. On June 17, 2015, Goloverya filed a motion to set aside judgment pursuant to Indiana Trial Rule 60, which the trial court denied on July 27, 2015.

# Discussion and Decision

[6] Goloverya contends that the trial court lacked personal jurisdiction over him because he was not properly served. Indiana Trial Rule 4.1 governs service on individuals and provides, in part, that

> [s]ervice may be made upon an individual, or an individual acting in a representative capacity, by … sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter[.]

[7] Moreover, as we have explained,

> "Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person." *Keesling v. Winstead,* 858 N.E.2d 996, 1000 (Ind. Ct. App. 2006) (citation omitted). Without effective service of process, a trial court does not obtain personal jurisdiction over a defendant. *Goodson v. Carlson,* 888 N.E.2d 217, 220 (Ind. Ct. App. 2008). "The existence of personal jurisdiction over a defendant is … a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). Once the party contesting jurisdiction, usually the defendant, challenges the lack of personal jurisdiction, the plaintiff must present evidence of a court's personal jurisdiction over the defendant, but "the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint." *LePore v. Norwest Bank Indiana, N.A.,* 860 N.E.2d 632, 634 (Ind. Ct. App. 2007).

*Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1006-07 (Ind. Ct. App. 2011).

[8]     In this case, Goloverya's challenge to personal jurisdiction arises in the context of the trial court's denial of his motion for relief from judgment. Trial Rule 60(B) provides, in relevant part, as follows: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: … the judgment is void[.]" A judgment rendered where service of process was inadequate is void for want of personal jurisdiction. *See Stidham v. Whelchel*, 698 N.E.2d 1152, 1155 (Ind. 1998).

> When a defendant argues a lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. *Anthem Ins. Companies, Inc. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1231 (Ind. 2000). The defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless the lack of jurisdiction is apparent on the face of the complaint. *Id.* The existence of personal jurisdiction over a defendant is a question of law and a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* at 1237. Thus, we review a trial court's determination regarding personal jurisdiction de novo. *Id.* at 1238. To the extent a trial court may make findings of jurisdictional facts, these findings are reviewed for clear error if they were based on in-court testimony. *Id.* at 1238. If, however, only a paper record has been presented to the trial court, we are in as good a position as the trial court to determine the existence of jurisdictional facts and will employ de novo review as to those facts. *Id.* at n. 12.

*Munster*, 829 N.E.2d at 57. Here, we have been provided with a paper record and will therefore review relevant jurisdictional facts de novo.

[9] Goloverya contends that Nextgear rendered inadequate service of process because it sent the complaint and summons to the Grasshopper address, which is not his residence. It is undisputed that the Grasshopper address was not Goloverya's residence at the relevant time, so Nextgear's attempt to serve Goloverya did not comply with the requirements of Trial Rule 4.1. Nextgear, however, argues that any defect in service was cured. Trial Rule 4.15(F) provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." The question, then, is whether service at the Grasshopper address was reasonably calculated to inform Goloverya of the lawsuit. Under the circumstances of the case, we conclude that it was.

[10] Nextgear mailed the complaint and summons to the Grasshopper address, which had been specifically provided by Goloverya as the address for notices pursuant to the Guaranty approximately eighteen months previously. Despite being in a contractual relationship with Nextgear, Goloverya never notified Nextgear that he had moved. One week after the complaint and summons were received at the Grasshopper address, Goloverya notified Nextgear's counsel that he was in actual possession of the complaint and summons. In our view, this last fact is of particular importance. We have explained that "although actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to

inform an organization of the action." *Nw. Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 955 (Ind. Ct. App. 1999). *See also Matter of Paternity of R.L.W.*, 643 N.E.2d 367, 369 (Ind. Ct. App. 1994) ("However, the actual knowledge of the person served is relevant and probative to an inquiry into the likely efficacy of the service employed.").

[11] In so concluding, we conclude that *Mills v. Coil*, 647 N.E.2d 679 (Ind. Ct. App. 1995), *trans. denied*, on which Goloverya relies, is distinguishable. In that case, Mills and Coil were involved in a traffic accident, and Mills filed suit approximately two years later, serving Coil at Coil's Fort Wayne address. *Id*. at 679-80. Coil, however, had moved to Ohio three months previously with no intention of returning. *Id*. at 680.

[12] We rejected Mills's argument that his service was reasonably calculated to provide notice, noting that "[s]ervice upon a defendant's former residence is insufficient to confer personal jurisdiction." *Id*. at 681 (citing *Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind. Ct. App. 1987)). In rejecting Mill's argument, we identified the following fact as particularly relevant: "Mills served Coil at a two-year-old address without any independent reason to suspect Coil might still be there." *Id.* at 681.

[13] This case is distinguishable from *Mills*, because of the prior relationship between the parties and Goloverya's actual notice of the lawsuit. Although Nextgear used an eighteen-month-old address, it was an address provided by Goloverya himself as required by the terms of the Guaranty. Because of their contractual

relationship with Goloverya, we conclude that Nextgear had more reason to rely on the Grasshopper address's accuracy and currency than would a party that had no previous relationship with the other party, as apparently was the case in *Mills*. Moreover, Goloverya notified Nextgear's counsel of his possession of the summons and complaint, which is evidence that Nextgear's method was reasonably calculated to provide Goloverya with notice.[1] Under the totality of circumstances in this case, we conclude that Nextgear's service on the Grasshopper address was reasonably calculated to provide notice to Goloverya. Consequently, the trial court properly denied Goloverya's motion to set aside the default judgment against him.

[14] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.

---

[1] We think it would be somewhat absurd to punish Nextgear for not making further attempts at service once Goloverya informed it that he had the summons and complaint. Our caselaw frequently stresses the exercise of diligence in service cases, which is perfectly understandable. *See, e.g.*, *Munster v. Groce*, 829 N.E.2d 52, 61 (Ind. Ct. App. 2005) ("Harris' bare-bones affidavit [of diligence in attempting service] does not permit the conclusion that due diligence was used to locate Groce's current whereabouts, or that service via the Secretary of State, using an address that apparently was known to be invalid, was reasonably calculated to provide Groce notice of this lawsuit."). We believe, however, that there are few attorneys who would have pursued the matter further under the circumstances of this case.