Dr. Helen MORRISON,
Defendant–Appellant,

v.

**PROFESSIONAL BILLING SERVICES,
INC., Plaintiff–Appellee.**

No. 46A03–8908–CV–337.

Court of Appeals of Indiana,
Third District.

Sept. 11, 1990.

Joel C. Levy, Debra Lynch Dubovich, Singleton, Levy & Crist, Munster, for defendant-appellant.

Donald W. Pagos, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, for plaintiff-appellee.

GARRARD, Judge.

Dr. Helen Morrison appeals from denial of her Trial Rule 60 motion which sought to set aside a default judgment. Her claim is that the judgment is void for want of personal jurisdiction. No argument has been advanced under Trial Rule 60(B)(1) or (4).

Morrison practices medicine in Indiana and, possibly, Illinois. She had two residences in Illinois, and the parties apparently agree that she is domiciled in Illinois.

In 1987 Morrison contracted with Professional Billing Services, Inc. (PBS) to process and collect her billings in return for 10% of the charges processed. In August 1988 PBS commenced this suit in Indiana for breach of contract claiming Morrison had failed to pay it $37,828 due under the contract together with interest thereon.

PBS attempted to effectuate service of process on Morrison in several ways. It first sent process by certified mail to an Illinois office address of Morrison which it appears by her subsequent affidavit that she had vacated in October 1986. When this letter was returned as unclaimed, PBS served the Indiana Secretary of State supplying that office with the same address used in its attempted service by certified mail. (*See* TR 4.10(A)(1)(b)). PBS also made service by publication in a local newspaper. When Morrison failed to appear, PBS secured a default judgment against her on December 27, 1988. Morrison subsequently learned of the lawsuit and promptly moved to have the judgment set aside. When relief was denied she perfected this appeal.

At the outset we must briefly consider two contentions raised by PBS which could prevent reaching the merits of the appeal. It asserts the appeal is fatally flawed because Morrison requested no evidentiary hearing on her TR 60 motion and has provided this court with no transcription of the proceeding held in chambers when the parties argued the motion.

■ As to the first contention, we have previously determined that the requirements of TR 60(D) may be met by the filing of affidavits. *Bross v. Mobile Home Estates, Inc.* (1984), Ind.App., 466 N.E.2d 467, 469. Morrison filed an affidavit in support of her TR 60 motion. As to the second contention, no transcription of the legal argument to the trial court is necessary to enable us to review the propriety of the court's ruling. Since that is so, failure to provide a transcript of the hearing does not defeat the appeal. *See* Appellate Rule 7.2.

■ Under Trial Rule 4.4 Morrison was subject to the jurisdiction of Indiana courts. Pursuant to the rule service of process might be had in accord with TR 4.1, 4.5, or by serving the Secretary of State as provided in TR 4.10. In its order denying relief the trial court stated that since process was served under TR 4.4(B) "a showing of diligent effort is not required." We find the court erred in this conclusion.

■ Even though TR 4.4 permits this state to acquire personal jurisdiction of nonresidents, residents who have left the state or persons whose residence is unknown, due process requires that a party

be given notice reasonably calculated, under all the circumstances, to apprise that party of the pendency of the action and afford her an opportunity to present her objections. *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. As Justice Jackson stated in *Mullane,*

> [W]hen notice is a person's due, process which is pure gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 874.

■ The requirement has broader application than the court's order indicated. While the first level of scrutiny requires review of the procedures authorized by the state to acquire personal jurisdiction, the inquiry does not stop there. Instead, it then proceeds to the method of authorized service chosen in order to determine whether under the facts and circumstances of the particular case that method was best calculated to inform the defendant of the pending proceeding. An authorized method is sufficient "if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available." *Mueller v. Mueller* (1972), 259 Ind. 366, 371, 287 N.E.2d 886, 889.

In the case before us Morrison's affidavit, which stands unopposed, declares *inter alia* that Mary Lou Saxon (who executed the attachment bond on behalf of PBS in this litigation as its duly authorized agent) had attended functions at both of Morrison's residences in Chicago, had stayed there overnight and was familiar with the addresses. Secondly, that Saxon was a co-signator on Morrison's account with First Citizens Bank at Michigan City where her account collections were to be deposited, and the bank account carried the correct address of Morrison's office in Merrill-

ville, Indiana. Third, that Saxon and PBS had Morrison's telephone numbers and that she continued to be listed in the Michigan City directory. Finally, she asserted that until early May 1989, Morrison maintained a post office box at the main post office in Michigan City, that this box was next to the post office box of PBS and the officers and agents of PBS knew of this postal box.[1]

On this record it is clear that PBS failed to use the method best available to it to give Morrison actual notice of the proceeding. It follows then that its attempts to acquire personal jurisdiction were constitutionally deficient.

PBS argues that it should not be charged with this failure since Morrison has made no allegations of fraud. Its argument misses the point. Morrison need not have charged fraud and we have no doubt that PBS neither intended nor committed fraud. Rather, what it apparently simply failed to do when the original summons was returned unclaimed was make any effort to determine if it possessed a better address or access to one. From the affidavit of Morrison it appears that such information was already known to the corporation and was otherwise readily accessible. The same reasoning also applies to PBS's subsequent attempt to secure notice by publication.

■ Since the process employed was constitutionally impermissible under the circumstances of this case, the court failed to acquire personal jurisdiction. Accordingly, the judgment entered was void. *Roberts v. Watson* (1977), 172 Ind.App. 108, 359 N.E.2d 615.

■ Moreover, since the judgment was void, Morrison was not required to establish the existence of a meritorious defense in order to have it set aside. *Peralta v. Heights Medical Center* (1988), 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75.

---

1. Further allegations in the affidavit relate to the knowledge of Robert McBride, M.D. who Morrison believed to be affiliated with the corporation. However, she neglected to secure discovery or secure a corporation report from the Secretary of State to establish any connection between McBride and the corporation and we therefore ignore them.

The judgment is reversed and the cause is remanded for further proceedings consistent herewith.

HOFFMAN, P.J., and BUCHANAN, J., concur.