**Thomas KELLY, D.O., Appellant–Defendant,**

v.

**Marilyn BENNETT and Richard Bennett, Appellees–Plaintiffs.**

**No. 45A05–9912–CV–532.**

Court of Appeals of Indiana.

July 31, 2000.

Kevin C. Tyra, Landau Omahana & Tyra, Indianapolis, Indiana, Edward P. Grimmer, Crown Point, Indiana, Attorneys for Appellant.

John M. Kopack, Kopack & Associates, Merrillville, Indiana, Attorney for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Marilyn Bennett and Richard Bennett ("the Bennetts") sued Thomas Kelly, D.O. ("Kelly"). The trial court entered a default judgment against Kelly, and he appeals from the trial court's denial of his motion to set aside the judgment.

We reverse and remand.

### ISSUE

Kelly presents three issues for our review, which we consolidate and restate as: whether the trial court erred when it denied his motion to set aside the default judgment for insufficiency of service of process.

### FACTS AND PROCEDURAL HISTORY

On October 22, 1998, the Bennetts filed a complaint against Kelly for personal injuries Marilyn Bennett sustained as a result of Kelly's alleged medical malpractice. The Bennetts requested that the summons and complaint be served upon Kelly by Sheriff at his office address in Merrillville.[1] The Sheriff left copies of the summons and complaint at the office address [2] and also mailed copies to that address. Kelly did not answer the Bennetts' complaint within the required thirty-days.

---

1. The parties devote much of their briefs debating whether the Merrillville address was a valid business address for Kelly. We do not reach that issue, as our resolution of this appeal does not depend on the validity of that address. For our purposes, we assume that the Merrillville address was one of Kelly's office addresses.

2. The record is devoid of evidence as to with whom, if anyone, the Sheriff left the copies.

On December 1, 1998, the Bennetts filed a motion for default judgment, which the trial court granted on December 2, 1998. On December 3, 1998, the Bennetts sent additional copies of the summons and complaint via facsimile to Kelly's office located in Flossmoor, Illinois. Kelly then hired counsel, who entered his appearance on Kelly's behalf on December 30, 1998. Kelly filed a motion to set aside default judgment [3] on February 1, 1999. After a hearing, the trial court denied Kelly's motion. Kelly filed a motion to correct error, which the trial court also denied. Kelly now appeals.

## DISCUSSION AND DECISION

The grant or denial of a default judgment is within the trial court's discretion. *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 473 (Ind.Ct.App.1994), *trans. denied.* On appeal, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* The trial court may relieve a party from a default judgment upon one of the several grounds set forth in Trial Rule 60(B).[4] *LaPalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind.1993). Upon his motion to set aside default judgment in the trial court, the burden was upon Kelly to present sufficient grounds for relief. *See id.*

Kelly contends that the default judgment against him is void because the court did not have personal jurisdiction over him at the time the judgment was entered. He maintains that the Bennetts' means of service of process were insufficient under both Trial Rule 4.1 and 4.15(F). We agree.

Trial Rule 4.1 provides in relevant part:

Service may be made upon an individual ... by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

The Bennetts' attempt to obtain service on Kelly was ineffective. They requested service by Sheriff to Kelly's business address in Merrillville. The prescribed means of service at a business address are: personal service, registered or certified mail, or some other means of mailing with a written acknowledgment of receipt.[5] *See* Ind. Trial Rule 4.1(A)(1). Service by Sheriff under the circumstances would have been appropriate only if Kelly or his agent had been personally served or if a copy of the summons and complaint had been left at his dwelling house or usual place of abode. *See* Ind. Trial Rule 4.12(A). Because the

---

3. While Kelly's motion rested primarily on Trial Rule 4.15(F) (service of process was not reasonably calculated to give him notice) and Trial Rule 60(B)(1) (alleging mistake or fraud on the part of the Bennetts' counsel), he cited the applicable rule here, Trial Rule 4.1, as well as the controlling authority, *LaPalme v. Romero*, 621 N.E.2d 1102 (Ind.1993).

4. Trial Rule 60(B) provides in relevant part: [T]he court may relieve a party ... from an entry of default [judgment] ... for the following reasons:
   (1) mistake, surprise, or excusable neglect;

   . . . .
   (6) the judgment is void;
   . . . .
   (8) any reason justifying relief from the operation of the judgment.

5. The Bennetts' suggestion that Trial Rule 4.12(A) authorizes copy service at a business address contravenes our supreme court's holding in *LaPalme*, 621 N.E.2d 1102 (Ind. 1993) (no personal jurisdiction and default judgment void where copy service was attempted at defendant's place of employment.).

Sheriff only left a copy of the summons and complaint at Kelly's place of business and mailed a copy of the summons to the same address via regular mail, the Bennetts did not obtain proper service on Kelly.

The controlling authority is our supreme court's opinion in *LaPalme*, 621 N.E.2d 1102 (Ind.1993), a case which also originated in the Lake Circuit Court. Here, as in *LaPalme*, while the trial court had subject matter jurisdiction, the court could not properly assert personal jurisdiction where the summons was not served as required by Trial Rule 4.1. *See id.* at 1105. The default judgment against Kelly was, therefore, void, and he is entitled to have the judgment set aside. *See id.; see also Stidham v. Whelchel,* 698 N.E.2d 1152, 1155 n. 3 (Ind.1998) ("a judgment entered where there has been no service of process is void for want of personal jurisdiction.").

■ As Kelly correctly asserts, under these circumstances, Trial Rule 4.15(F)[6] does not operate to render service sufficient despite noncompliance with Trial Rule 4.1. "Trial Rule 4.15(F) only cures technical defects in the service of process, not the total failure to serve process." *Id.* at 1106. Because the Merrillville address was not Kelly's dwelling house or usual place of abode, the copy service attempted by the Bennetts did not comply with Trial Rule 4.1. As such, service of process on Kelly was also insufficient within the meaning of Trial Rule 4.15(F). *See id.*

Reversed and remanded with instructions to the trial court to set aside the default judgment against Kelly.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

**6.** Trial Rule 4.15(F) provides:

Defects in summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.