# FOR PUBLICATION



**FILED**

Feb 28 2014, 9:02 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**CHARLES R. GRAHN**
**WILLIAM W. GOODEN**
**JENNIFER F. PERRY**
Clark, Quinn, Moses, Scott & Grahn, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JASON A. SCHEELE**
**ANDREW L. PALMISON**
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARY L. ANDERSON, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No. 49A05-1309-CT-442 |
| ) | |
| WAYNE POST 64, AMERICAN LEGION CORP., ) | |
| ) | |
| Appellee-Defendant. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-1206-CT-24147

**February 28, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Mary L. Anderson appeals the trial court's order setting aside its default judgment against Wayne Post 64, American Legion Corporation ("American Legion"). Anderson raises two issues for our review, but we address only the following dispositive issue: whether the trial court erred when it set aside its default judgment against the American Legion as void because the method employed by Anderson to serve process on the American Legion was not the method best calculated to inform the American Legion of Anderson's lawsuit.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 20, 2010, Anderson slipped and fell on property owned by the American Legion in Marion County. On June 15, 2012, Anderson filed a complaint for damages against the American Legion in the Marion Superior Court. On that date, Robert Eakins was the registered agent for the American Legion. Anderson requested service on the American Legion through the Marion County Sheriff's Department.

On June 20, Deputy Travis Jefferson filed the Sheriff's return of service with the clerk's office. According to the return of service, Deputy Jefferson left a copy of the complaint and summons at 601 South Holt Road, Eakins' registered address. The deputy later testified that he left those documents "attached to the door" at "10:48 a.m." because "Eakins was not present at that time, nor did it appear any other person was present."

---

[1] Anderson also asserts that the trial court's order, in effect, requires that defendants receive "actual notice" before the court may obtain personal jurisdiction over them. Appellant's Br. at 6. Anderson is correct that actual notice is not required, see Glennar Mercury-Lincoln, Inc. v. Riley, 167 Ind. App. 144, 152, 338 N.E.2d 670, 675 (1975), but, as discussed below, Anderson's interpretation of the trial court's order is mistaken. The trial court's order does not require actual notice but, rather, requires that Anderson employ the method best calculated to inform the defendant of her lawsuit.

Appellant's App. at 178. Deputy Jefferson also mailed a copy of the complaint and summons by first class mail to that address.

The American Legion failed to appear or respond to Anderson's complaint. On July 24, 2012, the court entered a default judgment[2] against the American Legion, which the court later amended to reflect a judgment in the amount of $500,000.

On April 26, 2013, the American Legion moved to set aside the default judgment pursuant to Indiana Trial Rule 60(B)(6), arguing that the judgment was void because Anderson had not served her complaint on the American Legion and, therefore, the court had not acquired personal jurisdiction over the American Legion.[3] The American Legion submitted the affidavits of Eakins and Post Commander Glen Hawkins, who both testified that they had not received the summons and complaint.

The American Legion also submitted the affidavit of Ken Cooper, its current registered agent. Cooper stated that he did not learn of Anderson's lawsuit against the American Legion until March 31, 2013. In particular, Cooper stated as follows:

> 7.    [T]here are two buildings at address 601 S. Holt Rd., Indianapolis, Indiana 46241. One building is the main American Legion post where most activities occur. The second building is an old outbuilding . . . which is currently[,] and in June, 2012, was being[,] utilized for storage. . . .

* * *

---

[2] Under Trial Rule 55, this is normally a two-step process:  the entry of default under Trial Rule 55(A) followed by the entry of a judgment by default under Trial Rule 55(B). But here the court, following Anderson's motion, simply entered a default judgment, which the court later reopened to determine damages.

[3] The American Legion also moved to set aside the default judgment pursuant to Trial Rule 60(B)(8), and the trial court agreed with this conclusion in addition to setting aside the default judgment pursuant to Trial Rule 60(B)(6). However, given our disposition in this appeal we need not consider whether the court erred under Rule 60(B)(8).

3

9.      There is no mailbox on or near the Outbuilding.  There are two ground floor doors to the Outbuilding and one door that is up a flight of steps and underneath an awning.  The door that is atop the flight of steps and underneath the awning is on the Outbuilding's east façade.  The structure of the door, steps, and awning is such that it would be very difficult to see documents rolled up and placed in the door from the parking lot.  Additionally, if documents were left outdoors on or near the Outbuilding, particularly at the top of the steps, it [sic] could very easily blow away and never be found.  Because the main American Legion building is north of the Outbuilding and has ample parking leading up to it, documents left on the Outbuilding could go unnoticed for a significant period of time.

10.     On March 31, 2013, I discovered a notice from the Court rolled into a cylinder and placed in the door at the top of the steps underneath the awning in the Outbuilding.  This was the first document that I knew of regarding the lawsuit brought by Ms. Anderson.

Id. at 111-13.

Included in Cooper's affidavit was an aerial photograph of 601 South Holt Road. That photograph shows an L-shaped parking lot and two structures.  In the northeast portion of the photograph is a large structure situated such that the L-shaped parking lot touches the structure's western and southern faces.  The parking lot curves into the western face of that structure such that drivers can drive directly to a doorway, and that curved drive is partially covered.  The southern portion of the parking lot has multiple paved sidewalks leading into this structure.  There is also a large, fenced-in yard adjacent to the eastern side of this structure.

In the southwest corner of the lot is a smaller structure.  Although it is not entirely clear from the photograph, it appears that the only parking near this structure is along its eastern face, which is the southernmost portion of the parking lot.  As drivers enter onto the property, they pass along the northern face of the smaller structure to access the

4

parking lot, which naturally leads them to the larger structure. This smaller structure bears the number "601" on its northern face. Id. at 166. It is not clear if the larger structure also bears this number, but Cooper's affidavit implies that the mailbox for the address is located at the larger structure.

On July 8, the court held a hearing on the American Legion's motion to set aside the default judgment.[4] Following that hearing, on August 15 the court granted the American Legion's motion to set aside the default judgment under Trial Rule 60(B)(6). In granting the motion to set aside under Trial Rule 60(B)(6), the court stated, in relevant part:

> In our case, a Marion County Sheriff attempted to serve Defendant by leaving a copy of the summons and complaint at the business address and mailing a copy of each to its business address. These actions do not meet the service requirements in Rule 4.1(A) and do not comport with due process. Particularly because the Defendant's property has multiple buildings and the business address used by the [S]heriff to attempt service was the address of the outbuilding at Defendant's property, Plaintiff's manner of service was not reasonably calculated to inform Defendant of the lawsuit.
> For effective service, Plaintiff must have served Eakins . . . in a manner outlined in Rule 4.1(A)(1), (A)(2), or (A)(4). Instead of simply leaving a copy of the summons and complaint at the doorstep of Defendant's business address, the Sheriff could have delivered each to Eakins personally. See Rule 4.1(A)(2). Instead of mailing a copy of the summons and complaint by first-class mail, Plaintiff could have sent a copy of each by registered or certified mail or some other method that required a written acknowledgment of receipt. See Rule 4.1(A)(1). These methods would have been reasonably calculated to inform Defendant of the pending lawsuit.
> Because of the insufficient service of process, the default judgment is void and should be set aside for lack of personal jurisdiction over Defendant.

Id. at 11. This appeal ensued.

---

[4] No transcript of this hearing has been submitted on appeal.

## DISCUSSION AND DECISION

## Standard of Review

Anderson appeals the trial court's order setting aside the default judgment pursuant to Indiana Trial Rule 60(B)(6). The parties first dispute whether our standard of review in such appeals is de novo or for an abuse of discretion. This dispute is not new to this court.[5] As we have explained:

> The standard of review for the granting or denying of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. Freels v. Winston (1991), Ind. App., 579 N.E.2d 132, 135, reh. denied, trans. denied. However, a motion under T.R. Rule 60(B)(6) alleging the judgment is void requires no discretion on the part of the trial court because either the judgment is void or it is valid. Schoffstall v. Failey (1979), 180 Ind. App. 528, 389 N.E.2d 361, 363. Void judgments can be attacked, directly or collaterally, at any time. International Alliance of Theatrical Stage Employees v. Sunshine Promotions, Inc. (1990), Ind. App., 555 N.E.2d 1309, 1315.

Santiago v. Kilmer, 605 N.E.2d 237, 239 (Ind. Ct. App. 1992), trans. denied; see also Farmers Mut. Ins. Co. v. M Jewell, LLC, 992 N.E.2d 751, 754 (Ind. Ct. App. 2013), trans. denied; Yoder v. Colonial Nat'l Mortg., 920 N.E.2d 798, 801 (Ind. Ct. App. 2010); Laflamme v. Goodwin, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009); LePore v. Norwest Bank Ind., N.A., 860 N.E.2d 632, 634 (Ind. Ct. App. 2007); Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp., 719 N.E.2d 824, 826 (Ind. Ct. App. 1999).

In Swiggett Lumber Construction Co. v. Quandt, 806 N.E.2d 334, 336 (Ind. Ct. App. 2004), we applied an abuse of discretion standard in a Trial Rule 60(B)(6) appeal.

---

[5] Although the Indiana Supreme Court, without discussion, has applied an abuse of discretion standard of review in an appeal from a Rule 60(B)(6) order, see LaPalme v. Romero, 621 N.E.2d 1102, 1104 (Ind. 1993), the court has also acknowledged that the Indiana Court of Appeals has held that, in such orders, "the trial court does not have discretion because either the judgment is void or it is valid," K.S. v. R.S., 669 N.E.2d 339, 404 n.9 (Ind. 1996) (citing Schoffstall v. Failey, 180 Ind. App. 528, 389 N.E.2d 261 (1979)).

For support, we cited to <u>Morequity, Inc. v. Keybank, N.A.</u>, 773 N.E.2d 308, 312-13 (Ind. Ct. App. 2002), <u>trans. denied</u>, and for support of that proposition in <u>Morequity</u> we cited <u>In re Paternity of Baby Doe</u>, 734 N.E.2d 281, 284 (Ind. Ct. App. 2000). But <u>In re Paternity of Baby Doe</u> was an appeal under Trial Rule 60(B)(1), not Rule 60(B)(6). Moreover, we are persuaded by this court's reasoning in <u>Santiago</u> that a trial court has no discretion on how to rule on a Trial Rule 60(B)(6) motion once a judgment is determined to be either void or valid. If a judgment is void, the trial court cannot enforce it and the motion under Rule 60(B)(6) must be granted; if a judgment is valid, the trial court cannot declare it void and the motion must be denied. Thus, we review de novo a trial court's judgment on a Rule 60(B)(6) motion.

That said, whether a judgment is void or valid is not a determination made by pulling a label from the ether. As we have explained in the context of a Rule 12(B)(2) motion to dismiss for lack of personal jurisdiction:

> Personal jurisdiction is a question of law. Therefore, our review is de novo, and we do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. However, to the extent that the issue of personal jurisdiction turns on disputed facts, the trial court's findings of fact are reviewed for clear error.

<u>Sebring v. Air Equip. & Eng'g, Inc.</u>, 988 N.E.2d 272, 274 (citing <u>LinkAmerica Corp. v. Albert</u>, 857 N.E.2d 961, 965 (Ind. 2006)).[6] And where "only a paper record has been

---

[6] The American Legion also asserts that <u>Mills v. Coil</u>, 647 N.E.2d 679 (Ind. Ct. App. 1995), <u>trans. denied</u>, supports application of an abuse of discretion standard of review in appeals from Rule 60(B)(6) orders. It is true that the <u>Mills</u> court applied an abuse of discretion standard of review, but the court explicitly did so not because of the procedural posture of the appeal but because "the facts [we]re disputed and the law of service for personal jurisdiction provides no clear lines." <u>Id.</u> at 680. Insofar as questions of fact are concerned, we see no reason to apply an abuse of discretion standard rather than our usual review for clear error when the trial court is in the unique position of determining the jurisdictional facts. And insofar as the <u>Mills</u> court suggests that we should defer to the trial court for its understanding of where the "lines" in personal jurisdiction law lie, we disagree and instead follow our Supreme Court's

7

presented to the trial court, we are in as good a position as the trial court to determine the existence of jurisdictional facts and will employ de novo review as to those facts." Munster v. Groce, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). Here, the trial court's judgment was based on a paper record.[7] As such, we are in as good a position as the trial court to determine the existence of jurisdictional facts, and we employ de novo review as to those facts.

### Whether Anderson Adequately Served the American Legion

On appeal, Anderson asserts that she adequately served the American Legion and, accordingly, the trial court had personal jurisdiction over the American Legion. In particular, Anderson contends that the trial court erred when it concluded that Anderson "must" have served Eakins pursuant to Trial Rule 4.1(A). See Appellant's App. at 11. Anderson further argues that leaving the summons and complaint at a building at the address listed for the registered agent, and following that attempt at service with copy service by first class mail, was reasonably calculated to inform the American Legion of her lawsuit.

"A trial court does not acquire personal jurisdiction over a party if service of process is inadequate." Munster, 829 N.E.2d at 57. "The existence of personal jurisdiction . . . is . . . a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. "[T]he Due Process Clause requires that[,] in order for constructive

---

assessment that "[p]ersonal jurisdiction is a question of law." LinkAmerica Corp., 857 N.E.2d at 965 (quotation omitted).

[7] The record on appeal demonstrates that the affidavits submitted by the parties on the Rule 60(B)(6) motion were the only evidence before the trial court.

notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts." Id. at 60. "A party must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In Indiana, "whether the judgment is 'void' turns on whether the defendant was served with process effective for that purpose under the Ind[iana] Rules of Procedure." Glennar Mercury-Lincoln, Inc. v. Riley, 167 Ind. App. 144, 150, 338 N.E.2d 670, 674 (1975). Our review requires scrutiny of "the method of authorized service chosen in order to determine whether under the facts and circumstances of the particular case that method was best calculated to inform the defendant of the pending proceeding." Morrison v. Prof'l Billing Servs., Inc., 559 N.E.2d 366, 368 (Ind. Ct. App. 1990). "An authorized method is sufficient 'if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available.'" Id. (quoting Mueller v. Mueller, 259 Ind. 366, 371, 287 N.E.2d 886, 889 (1972)).

As an initial matter, Anderson's assertion that the trial court erred when it concluded that she "must" comply with Trial Rule 4.1 to effect adequate service of process misunderstands the trial court's order. See Appellant's App. at 11. The trial court's conclusion was that, in light of the facts and the circumstances of this particular case, Anderson's compliance with Trial Rule 4.1 would have been better calculated to inform the American Legion of Anderson's lawsuit than the method of service Anderson

9

chose. The trial court's conclusion, if supported by the facts, is a correct assessment of the law. See Morrison, 559 N.E.2d at 368. As such, we turn to whether the trial court's assessment on these facts is also correct. We hold that it is.

There is no question that Anderson failed to serve the American Legion in a manner authorized by our Trial Rules. In particular, Trial Rule 4.6(A) states, in relevant part, that "[s]ervice upon an organization may be made as follows: (1) In the case of a domestic . . . organization upon an . . . agent appointed . . . to receive service . . . ."[8] Rule 4.6(B) states that

> Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules for service upon individuals, but a person seeking service . . . shall not knowingly direct service to be made at the person's dwelling house or place of abode, unless such is an address furnished under the requirements of a statute or valid agreement, or unless an affidavit on or attached to the summons states that service in another manner is impractical.

And Rule 4.6(C) states:

> (C) Service at organization's office. When shown upon an affidavit or in the return, that service upon an organization cannot be made as provided in subdivision (A) or (B) of this rule, service may be made by leaving a copy of the summons and complaint at any office of such organization located within this state with the person in charge of such office.

Trial Rule 4.1 provides for service upon an individual. That Rule states as follows:

> (A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> > (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written

---

[8] Trial Rule 4.12 permits service by sheriff, but that Rule does not authorize copy service at a business address. Kelly v. Bennett, 732 N.E.2d 859, 861 n.5 (Ind. Ct. App. 2000) (citing LaPalme, 621 N.E.2d at 1102).

acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy Service to Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

Here, Anderson, through Deputy Jefferson, sought to serve process on the American Legion through its registered agent, Eakins, pursuant to Rule 4.6(A)(1). Rule 4.6(B) thus directed Deputy Jefferson to apply Rule 4.1, with the provision that Rule 4.1(A)(3) could not be used absent certain circumstances not applicable here. There is no dispute that Deputy Jefferson did not comply with 4.1(A)(1), as he did not mail a copy of the summons and complaint by registered or certified mail or other means that would demonstrate Eakins' receipt of those documents. There is also no dispute that Deputy Jefferson did not serve Eakins personally under Rule 4.1(A)(2) and that Rule 4.1(A)(4) does not apply to Eakins. And, since Rules 4.1(A)(3) and (4) do not apply here, neither does Rule 4.1(B).

We agree with the trial court that Deputy Jefferson could have effected service of process on Eakins and, thereby, the American Legion, by complying with Trial Rules 4.1(A)(1) or (2). To be sure, pursuant to Rule 4.6(C) Deputy Jefferson could also have

11

left a copy of the documents at any American Legion office in Indiana with the person in charge of that office if he could not comply with Rule 4.1(A)(1). But Deputy Jefferson did not do that either. Thus, Anderson did not comply with the methods for effective service authorized by the Indiana Trial Rules.

But that is not the end of our analysis. Again, though Anderson did not comply with our Trial Rules, her attempt to serve process on the American Legion may still have been adequate if, in light of the facts and circumstances, her method was "obviously better calculated to give notice." Morrison, 559 N.E.2d at 889. As such, Anderson asserts that leaving the summons and complaint at the outbuilding, and following that act with copy service by first class mail to the registered agent's address, was reasonably calculated to inform the American Legion of her lawsuit. We cannot agree that this method was better calculated to give the American Legion notice than compliance with our Trial Rules.

For support, Anderson relies on Washington v. Allison, 593 N.E.2d 1273 (Ind. Ct. App. 1992), and Storm v. Mills, 556 N.E.2d 965 (Ind. Ct. App. 1990). In Washington, the plaintiff filed suit against a sole proprietorship and had the sheriff leave a copy of the summons and complaint at that business's address, which the sheriff followed with copy service by mail to the same address. The owner of the business asserted that he should have been served as an individual pursuant to Rule 4.1 rather than as an organization under Rule 4.6. We held that "[a] sole proprietorship does not fit within either" Rule 4.1 or Rule 4.6 but any technical failure of the plaintiff to comply with our trial rules did not

12

render the default judgment void because "personal jurisdiction is acquired by any method of service of summons which comports with due process." 593 N.E.2d at 1275.

In Storm, the plaintiff served the defendant by leaving the summons and complaint with an identified employee at the defendant's business, which the plaintiff followed with copy service by mail to the business address. The parties agreed that the plaintiff's attempt at service successfully placed the defendant on actual notice of the plaintiff's action. We held that the plaintiff sufficiently served the defendant. Storm, 556 N.E.2d at 968.

In response, the American Legion asserts that the instant appeal is analogous to Kelly v. Bennett, 732 N.E.2d 859 (Ind. Ct. App. 2000), trans. denied. In Kelly, the plaintiffs, by sheriff, served the summons and complaint on the defendant at his office address. The sheriff left copies of the documents at the office address and also mailed copies to that address. We held that the plaintiff's attempt at service was not sufficient. Kelly, 732 N.E.2d at 862. In particular, we stated:

> The prescribed means of service at a business address are: personal service, registered or certified mail, or some other means of mailing with a written acknowledgment of receipt. See Ind. Trial Rule 4.1(A)(1). Service by Sheriff under the circumstances would have been appropriate only if [the defendant] or his agent had been personally served or if a copy of the summons and complaint had been left at his dwelling house or usual place of abode. See Ind. Trial Rule 4.12(A). Because the Sheriff only left a copy of the summons and complaint at [the defendant's] place of business and mailed a copy of the summons to the same address via regular mail, the [plaintiffs] did not obtain proper service on [the defendant].
>
> The controlling authority is our supreme court's opinion in LaPalme [v. Romero, 621 N.E.2d 1102 (Ind. 1993)] . . . . Here, as in LaPalme, . . . the court could not properly assert personal jurisdiction where the summons was not served as required by Trial Rule 4.1. See id. at 1105. . . .

13

Id. at 861-62 (footnote omitted).

We agree with the American Legion that Washington and Storm are inapposite to the instant appeal and that Kelly is analogous. In Washington and Storm, the plaintiff delivered the summons and complaint at the actual building from which the businesses were being conducted. That is not the case here. Rather, as with the sheriff leaving a copy of the summons and complaint at the "office address" in Kelly, the evidence here fails to show that Deputy Jefferson left the summons and complaint with anyone in particular or at a building from which business was actually being conducted. See 732 N.E.2d at 860. Instead, the undisputed evidence demonstrates that Deputy Jefferson left the documents at the outbuilding at 601 South Holt Road rather than taking those documents to the main building.

We reject Anderson's assertion that "[n]othing about the [outbuilding] would have put Anderson on notice that service there would be improper." Appellant's Br. at 13. Even though the outbuilding had the number "601" on its northern face, the outbuilding did not have a mailbox and, in reviewing the photograph attached to Cooper's affidavit, there is no question that the outbuilding was not the main building at that address. Rather, the large building on the northeast portion of the property was adjacent on its western and southern sides to both branches of the parking lot; it had a driveway that led directly to a covered entrance; it had multiple sidewalks to access the parking lot; and it had a large, fenced-in yard. The smaller outbuilding, on the other hand, had no attributes suggesting that it was anything more than an outbuilding. And Cooper's affidavit expressly stated that there was no mailbox at the smaller building, which suggests that the

14

mailbox for the address was at the larger building. In other words, the undisputed evidence demonstrates Anderson did not leave the summons and complaint in a place or with a person reasonably calculated to apprise the American Legion of her lawsuit against it, let alone did she employ a method that was "obviously better calculated to give notice" than the methods authorized by our Trial Rules. See Morrison, 559 N.E.2d at 889.

Moreover, in these circumstances Anderson cannot rely on Trial Rule 4.15(F) to save her failure to adequately serve the American Legion. Rule 4.15(F) states: "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." But, as both this court and our Supreme Court have held, Rule 4.15(F) "'only cures technical defects in the service of process, not the total failure to serve process.'" Kelly, 732 N.E.2d at 862 (quoting LaPalme, 621 N.E.2d at 1106). As Anderson did not serve the American Legion as required either by our Trial Rules or the Due Process Clause, she cannot rely on Trial Rule 4.15(F) to save her total failure to serve process.

Considering all the facts and circumstances, we agree with the trial court that Anderson did not adequately serve process on the American Legion. We hold that Anderson's attempt to serve process on the American Legion was inadequate as a matter of law and, thus, that the trial court did not have personal jurisdiction over the American Legion and its default judgment was void. Accordingly, we affirm the trial court's order setting aside its default judgment.

15

Affirmed.

BAKER, J., and CRONE, J., concur.