**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jul 09 2014, 9:48 am

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**EARL R.C. SINGLETON**
Community Legal Clinic
Bloomington, Indiana

**MICHAEL D. LEESS**
Certified Legal Intern

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH R. CHANEY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1312-DR-648 |
| | ) | |
| LAURA C. CHANEY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-0907-DR-6398

**July 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellee-petitioner Laura Chaney served her former husband, appellant-respondent Keith Chaney (collectively, the Chaneys), with a summons and a petition for dissolution of marriage at Keith's mother's residence. Although Keith thought that Laura might file for divorce, it was undisputed that Keith never lived at his mother's house during the pendency of the proceedings. Moreover, the record does not suggest that Laura exercised diligence in attempting to locate Keith's place of residence when she filed the summons and petition. Thus, Keith did not receive the documents.

Even though there was evidence that Keith's mother handled the couple's financial matters and Laura might have believed that her mother-in-law would pass the documents on to Keith, we find that service of process was insufficient for the trial court to obtain personal jurisdiction over Keith. Following a final hearing in Keith's absence, the trial court entered a decree of dissolution. Given these circumstances, we are compelled to reverse the trial court's denial of Keith's motion for relief from judgment.

FACTS

The Chaneys were married on July 23, 1994, and one child, D.C., was born to the marriage on May 4, 1995. The parties subsequently separated on July 15, 2009, and sometime later that month, Laura petitioned for dissolution of marriage. Although the parties spoke to each other and lived together periodically during the pendency of the proceedings, Keith ultimately left the marital residence in December 2011.

Keith was not living at the marital residence in Vigo County when Laura filed the petition and could not be served there. Although Laura admitted that she did not know

2

where Keith was living at the time, the address that Laura provided for service of process was located on Cruft Street in Terre Haute, where Keith's mother resided. Laura thought that Keith might be served there because she knew that his mother "took care of everyone's financial [matters]," including theirs. Tr. p. 16.

However, the undisputed evidence revealed that Keith did not live at his mother's house when the petition was filed or at any other time. In fact, Keith testified that when Laura filed the petition, he was living with one of his siblings. Keith also acknowledged that he never received any documents from the court "indicating that a petition for dissolution had been filed . . . and that a summons had been issued." Tr. p. 6, 9.

Initial attempts at service of process by certified mail were returned unclaimed. The trial court subsequently resorted to substituted sheriff's service, where a copy of the initial pleadings were left at that address. Copies were also mailed there.

On August 6, 2009, the trial court dismissed the action without prejudice pursuant to Laura's motion. However, Laura filed a motion to reinstate the action on June 6, 2010, which the trial court granted. After several continuances at the behest of both Laura and the trial court, an order was issued dissolving the marriage on November 28, 2012, following a final hearing that Keith did not attend. In fact, from the time that the petition for dissolution was first filed in mid-2009 through the date of the decree of dissolution, Keith never appeared in the proceedings.

Thereafter, Laura's counsel drafted a decree of dissolution pursuant to the trial court's order. Among other things, the decree dated January 4, 2013, divided the parties'

property and provided that Keith was ordered to (1) pay child support "if and when [he] has the ability to do so," and (2) "pay 75% of D.C.'s college-related expenses." Appellant's App. p. 16. Laura was awarded the marital residence and each party was awarded a vehicle. Laura and Keith were also each ordered to pay a portion of the various outstanding debts of the marriage.

On August 5, 2013, counsel for Keith entered an appearance along with a Motion for Relief from Judgment. Keith pointed out that he never lived at the Cruft Street address and, therefore, never received service of process regarding the summons and petition for dissolution. Although Laura had threatened to divorce him on several occasions, Keith testified at a hearing on December 2, 2013 that he was first informed by his daughter in March 2013 that the trial court had issued the dissolution decree. He was also never made aware of a final hearing date. In light of these circumstances, Keith maintained that the trial court never exercised personal jurisdiction over him, that the judgment should be set aside, and that the action must be dismissed.

Following a hearing on December 2, 2013, the trial court denied the relief from judgment. Keith now appeals.

## I. Lack of Appellee's Brief

Before proceeding to the merits of the appeal, we note that Laura did not file an appellee's brief and is not participating in this appeal. When an appellee fails to submit a brief, we do not develop arguments for him or her, and we apply a less stringent standard of review. First Response Servs., Inc. v. Cullers, 7 N.E.3d 1016, 1021 (Ind. Ct. App.

2014). We may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. Id.

## II. Keith's Contentions

Keith argues that the trial court should have granted his motion for relief from judgment, claiming that the trial court lacked personal jurisdiction over him because he was not served with a summons or a copy of the petition for dissolution of the marriage. Moreover, Keith contends that Laura failed to make reasonable attempts to locate Keith for purposes of serving him with the summons and petition for dissolution. Keith points out that the undisputed evidence established that Keith never lived at the Cruft Street address where service of process was attempted.

We initially observe that personal jurisdiction is a question of law, and when the facts relevant to establishing personal jurisdiction are disputed, we review de novo the trial court's legal conclusion as to whether personal jurisdiction has been established. Anderson v. Wayne Post 64, Am. Legion Corp., 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014). Generally, if service of process is inadequate, the trial court does not acquire personal jurisdiction over a party. Munster v. Groce, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). The existence of personal jurisdiction is a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Id. "[T]he Due Process Clause requires that[,] in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts." Id. at 60. "A party must provide 'notice

5

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Without proper service upon a party, the trial court does not acquire personal jurisdiction over that party, and it may not enforce a judgment in personam against that party. King v. United Leasing, Inc., 765 N.E.2d 1287, 1290 (Ind. Ct. App. 2002).

We also note that whether a judgment is void turns on whether the defendant was served with process effective for that purpose under the Indiana Rules of Procedure. Anderson, 4 N.E.3d at 1206. Our review requires scrutiny of "the method of authorized service chosen in order to determine whether under the facts and circumstances of the particular case that method was best calculated to inform the defendant of the pending proceeding." Morrison v. Prof'l Billing Servs., Inc., 559 N.E.2d 366, 368 (Ind. Ct. App. 1990). "An authorized method is sufficient 'if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available.'" Id. (quoting Mueller v. Mueller, 259 Ind. 366, 371, 287 N.E.2d 886, 889 (1972)).

Indiana Trial Rule 4.1(A) defines the methods of service that are generally available to serve individuals:

> (1) [by] sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment . . . ; or
> (2) Delivering a copy of the summons and complaint to him personally; or
> (3) Leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

6

(4) Serving his agent as provided by rule, statute or valid agreement.

T.R.4.1(A). In considering the above, there is no mention in the rule that service at a residence where the party does not live is condoned to establish personal jurisdiction. Also, we have previously held that service at an address where the party formerly resided is not sufficient to satisfy due process. See Mills v. Coil, 647 N.E.2d 679, 681 (Ind. Ct. App. 1995) (finding that service at the home of the defendant college student's parent was inadequate under due process to inform the defendant of the action pending against him and, therefore, was insufficient to establish personal jurisdiction). And "actual knowledge of the suit does not satisfy due process or give the court in personam jurisdiction." Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 817 (Ind. 2012). "This is, of course, particularly true for service of process and other such notice of initial pleadings." Id. (quoting Abrahamson Chrysler Plymouth v. Ins. Co. of N. Am., 453 N.E.2d 317, 321 (Ind. Ct. App. 1983)).

Although the methods of service set forth in Trial Rule 4.1(A) are not the only valid means of effecting service, to depart from those methods requires that the chosen alternative is "obviously better calculated to give notice than the methods authorized by [Indiana's] Trial Rules." Anderson, 4 N.E.3d at 1205. As a consideration in determining whether or not alternative service was "obviously better calculated" to provide notice, the rule set forth in Anderson also commands an inquiry into the effort undertaken by the serving party in its attempt to locate the target party for actual notice, since "the Due Process Clause requires that . . . a party must exercise due diligence in attempting to

7

locate a litigant's whereabouts." Id. To that end, before substituted service can be constitutionally effective, there must be a showing of due diligence by the party who sought such service. Munster, 829 N.E.2d at 60.

In this case, we cannot say that Laura employed a method that was "obviously better calculated to give notice" than the methods authorized by our Trial Rules. See Anderson, 4 N.E.3d at 1209. Keith's undisputed testimony was that he "never lived [at the Cruft Street address.]" Additionally, Laura did not contend that Keith resided there, and nothing suggests that she genuinely maintained such a belief. When Laura was questioned as to why she desired to have Keith served at that address, she testified that she thought he would "get the papers" there because, as mentioned above, his mother took care of their financial matters. Tr. p. 16.

Here, it is apparent that Keith was not served within the requirements of Trial Rule 4.1(A). None of Laura's attempts to serve Keith fulfilled the statutory requirements for satisfactory service because the trial court did not receive written acknowledgement of the registered mailing, and the evidence established that Keith never received a copy of the summons or petition. Moreover, the Cruft Street address was not Keith's residence or usual place of abode.

Although Laura may have reasonably believed that Keith would eventually receive actual notice of the proceedings if she had them sent to her mother-in-law's house, the court in Mills agreed that "absent an independent basis for believing that [the targeted party resides]" at a given address, service effected at that address does not satisfy due

8

process requirements. Mills, 647 N.E.2d at 681. Moreover, Laura's testimony does not reveal any "independent basis" that Keith lived there, so the service attempted at the Cruft Street residence is not satisfactory.[1]

As for the standard discussed in Anderson above, we cannot say that the alias summons delivered and mailed to the Cruft Street address was "obviously better calculated to give notice than the methods authorized by [our] trial rules." More specifically, the Anderson Court recognizes and retains the due diligence requirement that the due process clause implies, which requires a showing that the serving party made efforts reasonable under the circumstances to locate the particular individual and effect actual service before resorting to substituted service. Laura has made no such showing in this case, and the record does not reflect any effort on her part to locate Keith and have him served personally or by statutory methods.

Moreover, Keith's unchallenged testimony indicates that at the time the petition was filed, he was living at one of three homes, each belonging to one of his siblings. Tr. p. 7. Had Laura taken further action such as attempting to contact one of his relatives, she may have acquired sufficient information to serve Keith in accordance with the Trial Rules. Moreover, we have found no evidence in the record suggesting that Keith sought to evade or avoid service of process. Thus, Laura may not have been required to resort to

---

[1] As an aside, we note that Laura's seemingly "reasonable calculation" in her attempts at providing Keith with actual notice of the dissolution proceedings are not cured by Trial Rule 4.15(F), as this dispute arises out of a failure of service and not from a technical defect in the pleadings themselves. Kelly v. Bennett, 732 N.E.2d 859, 862 (Ind. Ct. App. 2000).

9

substituted service. In short, because we believe that Laura did not discharge her duty of due diligence, she cannot rely on Anderson.

Even the duty of diligence notwithstanding, Laura cannot contend that delivering a copy of the petition and summons to Keith's mother's residence is "better calculated" to provide notice than by the statutory methods, so Anderson is inapplicable to sustain this service in a second way: by any standard, in-hand service upon Keith or service upon his residence would undeniably result in quicker, surer notice of the proceedings against him than by efforts to serve him at his mother's residence. The fact that a negligible effort on Laura's part would surely have made possible those more effective statutory methods suggests that service upon Keith's mother's residence was not well-calculated at all, let alone "better calculated" than the statutory methods.

All of the foregoing establishes that Keith did not receive adequate service of process with regard to the summons and petition. As a result, we must conclude that the trial court did not establish personal jurisdiction over him. While the record reflects conflicting testimony as to when Keith received actual notice of the proceedings subsequent to the service attempts, actual notice is irrelevant to the present appeal, as "actual knowledge . . . does not satisfy due process or give the court in personam jurisdiction . . . , particularly . . . for service of process and other such notice of initial pleadings." Citimortgage, 975 N.E.2d at 817.

Keith's actual knowledge of the suit pending against him, including whether he had knowledge or not, does not change the requirement for due process inquiry as to the

10

method of service. And the service in this case was insufficient to confer personal jurisdiction over Keith. Thus, we reverse the trial court's denial of Keith's motion for relief from judgment.

The judgment of the trial court is reversed.

BARNES, J., and CRONE, J., concur.