## MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 05 2017, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce P. Clark
Bruce P. Clark & Associates
Saint John, Indiana

ATTORNEYS FOR APPELLEE

Duke T. Escue
Walter J. Alvarez
Walter J. Alvarez, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Menard, Inc.,

*Appellant-Defendant,*

v.

Reba Lane,

*Appellee-Plaintiff*

May 5, 2017

Court of Appeals Case No.
45A03-1606-CT-1283

Appeal from the Lake County
Circuit Court

The Honorable George Paras,
Judge;
The Honorable Robert Vann,
Magistrate

Trial Court Cause No.
45C01-1308-CT-128

**May, Judge.**

[1] Menard, Inc. requests rehearing of our decision in *Menard, Inc. v. Lane*, 68 N.E.3d 1106 (Ind. Ct. App. 2017), arguing our court erred when it reviewed the trial court's decision to deny Menard's motion to set aside judgment under the abuse of discretion standard of review because "[a]lthough appropriate for the other aspects of the Appeal, this was not the appropriate review for the issues surrounding sufficiency of service." (Br. of Appellant on Rehearing at 13.) Menard is correct the language does not accurately reflect the standard of review, and we grant rehearing to revise language we used in the opinion.

[2] In *Menard*, we began our analysis of the trial court's denial of Menard's Trial Rule 60(B) motion by stating we "review a trial court's denial of a motion to set aside judgment for an abuse of discretion." *Menard*, 68 N.E.3d at 1109 (quoting *LePore v. Norwest Bank Indiana, N.A.*, 711 N.E.2d 1259, 1264 (Ind. 1999)). As Menard had requested relief from the default judgment in favor of Lane based first on Menard's allegation the judgment was void as a result of inadequate service of process, we then narrowed our focus to Trial Rule 60(B)(6), which allows relief from a default judgment if the challenged judgment is void for lack of service of process. In that instance, a "trial court has no discretion on how to rule on a Trial Rule 60(B)(6) motion once a judgment is determined to be either void or valid." *Id.* at 1109 (quoting *Anderson v. Wayne Post 64*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*).

[3] After applying the trial rules that control service of process to the facts of this case and distinguishing the cases cited by Menard, we concluded our analysis of the issue by writing:

> Sergeant Coubal followed the letter of Trial Rule 4.1(B) as evidenced by the copy of the summons with the stamp indicating he delivered the summons and complaint, and the return receipt for the copy of the summons and complaint sent by certified mail; thus, we cannot say the trial court abused its discretion when it denied Menard's motion to set aside default judgment based on the adequacy of Lane's service of process.

*Id.* at 1101.

[4] As Menard argues on rehearing, we should not have used the phrase "abuse of discretion" in that context, because "if a judgment is valid, the trial court cannot declare it void and the motion [under Trial Rule 60(B)(6)] must be denied." *Anderson v. Wayne Post 64*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*. Instead, the end of that paragraph should have read:

> Sergeant Coubal followed the letter of Trial Rule 4.1(B), as evidenced by the copy of the summons with the stamp indicating he delivered the summons and complaint and the return receipt for the copy of the summons and complaint sent by certified mail. *Thus, Lane's service of process was adequate and the default judgment is valid. The trial court correctly denied Menard's motion to set aside default judgment based on the adequacy of Lane's service of process.*

[5] We grant rehearing to revise only that language and affirm the original result in all other respects.

Kirsch, J., and Crone, J., concur.