FILED

Sep 08 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Andrew S. Williams
Hunt Suedhoff Kalamaros, LLP
Fort Wayne, Indiana

Deborah A. Kapitan
Kopka Pinkus Dolin, PC
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Daniel H. Pfeifer
Jerome W. McKeever
Pfeifer, Morgan & Stesiak
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jordache White and American
Transport, LLC,

and

Canal Insurance Company,

*Appellants-Defendants,*

v.

George Reimer,

*Appellee-Plaintiff.*

September 8, 2016

Court of Appeals Case No.
71A03-1602-CT-270

Appeal from the St. Joseph
Superior Court

The Honorable David C.
Chapleau, Judge

Trial Court Cause No.
71D06-1109-CT-191

**Najam, Judge.**

# Statement of the Case

Jordache White, American Transport LLC ("American Transport"), and Canal Insurance Company ("Canal") (collectively, "the Appellants") appeal the trial court's decision to deny their joint motion to set aside default judgment. The Appellants raise the following issues for our review:

1. Whether the trial court lacked jurisdiction over White due to allegedly insufficient service of process.

2. Whether the trial court lacked jurisdiction over American Transport due to allegedly insufficient service of process.

We affirm.

# Facts and Procedural History[1]

On January 31, 2010, George Reimer and Jordache White were involved in a motor vehicle collision in Wayne County, Indiana. At the time, White was operating a semi-tractor within the scope of his employment for American Transport. As a result of the collision, Reimer sustained six fractured ribs, a fractured sternum, and torn ligaments in his left knee. He incurred $93,574.67 in medical bills and $20,800 in lost wages. Accordingly, on September 8, 2011, Reimer filed a complaint against White and American Transport for $750,000 in damages. White is not an Indiana resident and American Transport is not an Indiana company.

---

[1] We held oral argument on July 27, 2016.

[4] On September 16, Reimer, through his counsel, attempted to serve White at a residential address, in Thebes, Illinois, that White had provided to Indiana law enforcement following the January 31 collision. According to three entries in the trial court's chronological case summary ("CCS"): "Defendant Jordache White was served by confirmed delivery [at that address on] 09/16/11. Defendant Jordache White was not served by confirmed delivery refused. Not deliverable as addressed. Defendant Jordache White was served by confirmed delivery 09/16/11." Appellants' App. at 7. Due to that obvious confusion in the CCS, on September 23 the clerk of the court called Reimer and confirmed that the court file contained a signed return receipt for White at his Thebes, Illinois, address, although that receipt had been signed by a third party, Rhonda Powell. Following the clerk's information, on November 21 Reimer filed a praecipe for summons for White to be served through the Indiana Secretary of State by certified mail at the same residential address in Illinois.

[5] On December 5, Reimer attempted service on American Transport at Route 1, Box 1877, Patton, Missouri, the address provided by White to Indiana law enforcement following the collision. Reimer's attempted service on American Transport was returned undeliverable as addressed. On January 20, 2012, he filed a praecipe for summons on American Transport to be served through the Secretary of State by certified mail at that same address. On February 22, the Secretary of State issued an affidavit that stated that the summons on American Transport was returned undeliverable as addressed. On February 24, Reimer's

summons on White was also returned by the Secretary of State as undeliverable as addressed.

[6] Reimer filed a motion for default judgment on September 5. Thereafter, the trial court entered judgment against White and American Transport for $750,000. Reimer filed a verified motion in proceedings supplemental against White and American Transport on March 5, 2013, which was also returned as undeliverable. Reimer then learned that White had recently moved to an address in Cairo, Illinois.

[7] Reimer served the proceedings supplemental on White at White's Cairo address, and White called Reimer soon thereafter. Reimer asked White if White knew American Transport's whereabouts. White stated that American Transport operated out of Pittsburgh, Pennsylvania. However, when Reimer attempted to serve the proceedings supplemental at an address for an American Transport business in Pittsburgh, a representative of that business responded and informed Reimer that he had the wrong American Transport business. The representative provided an address for another American Transport business located in Farmington, Missouri. But when Reimer attempted to serve the proceedings supplemental at that address, that mailing was returned as undeliverable.

[8] On November 26, Reimer hired two private investigators to find American Transport. Neither located American Transport, but one did locate American Transport's apparent insurance carrier, Canal. Accordingly, on February 3,

2015, Reimer served the proceedings supplemental on Canal as a garnishee-defendant. On August 24, White and Canal filed a joint motion to set aside default judgment under Indiana Trial Rule 60(B)(6), which the trial court denied. This appeal ensued.

## Discussion

### *Overview*

[9] The Appellants contend that the trial court lacked jurisdiction to enter default judgment against White and American Transport due to insufficient service of process. Therefore, they argue that the judgment is void under Indiana Trial Rule 60(B)(6). Trial Rule 60(B)(6) provides that a court may relieve a party from a default judgment when the judgment is void. "In Indiana, 'whether the judgment is void turns on whether the defendant was served with process effective for that purpose under the Ind[iana] Rules of Procedure.'" *Anderson v. Wayne Post 64*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014) (quoting *Glennar Mercury-Lincoln, Inc. v. Riley*, 167 Ind. App. 144, 150, 338 N.E.2d 670, 675 (1975)), *trans. denied*.

[10] Our standard of review in such appeals is as follows:

> Personal jurisdiction is a question of law. Therefore, our review is de novo, and we do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. However, to the extent that personal jurisdiction turns on disputed facts, the trial court's findings of fact are reviewed for clear error.

*Id.* (quoting *Seibring v. Air Equip & Eng'g Inc.,* 988 N.E.2d 272, 274 (Ind. Ct. App 2013)). Further:

> a trial court has no discretion on how to rule on a Trial Rule 60(B)(6) motion once a judgment is determined to be either void or valid. If a judgment is void, the trial court cannot enforce it and the motion under 60(B)(6) must be granted; if a judgment is valid, the trial court cannot declare it void and the motion must be denied.

*Id.* at 1205.

[11] Notice of a lawsuit is a requirement of due process:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances*, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . But when notice is a person's due, process which is a mere gesture is not due process.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) (emphasis added; citations omitted). As we have recognized:

> A trial court does not acquire personal jurisdiction over a party if service of process is inadequate. The existence of personal jurisdiction . . . is . . . a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause requires that, in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts. . . . Our review requires scrutiny of the method of authorized service chosen in order to determine whether under the facts and circumstances of

the particular case that method was best calculated to inform the defendant of the pending proceeding. An authorized method is sufficient if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available.

*Anderson*, 4 N.E.3d 1206-07 (citations and quotations omitted).

[12] It is undisputed that the Appellants were nonresidents of Indiana at the time of the motor vehicle collision. Generally, a person may be served by sending a copy of the summons by registered or certified mail, delivering a copy of the summons personally, leaving a copy of the summons at his dwelling house or usual place of abode, or serving his agent. Ind. Trial Rule 4.1. And, with respect to nonresidents, Trial Rule 4.4(A)(2) provides:

> Any person or organization that is a nonresident of this State . . . submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent: [c]ausing personal injury or property damage by an act or omission done within this state.

[13] Trial Rule 4.4(B)(2) provides that a nonresident who is subject to our jurisdiction "shall be deemed to have appointed the Secretary of State as his agent upon whom service of summons may be made as provided in Rule 4.10." And, under Trial Rule 4.10(A),[2] litigants must file a praecipe for a summons; state the address, last known address, or that the address is unknown, of the

---

[2] There is no subdivision (B) to Trial Rule 4.10.

person being served; and pay any fees along with providing copies of a summons, affidavit, and complaint to the clerk of the court in order to accomplish service through the Secretary of State. The Secretary of State is then to serve a copy of the summons and complaint; complete an affidavit showing the date of the mailing; send the clerk a copy of the return receipt with a copy of the summons; and retain a copy of the return receipt. T.R. 4.10(A).[3]

[14] Finally, Trial Rule 4.15(F) provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." However, Trial Rule 4.15(F) "only cures technical defects in the service of process, not the total failure to serve process." *Anderson*, 4 N.E.3d at 1210 (quoting *LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993)).

[15] Indiana Code Section 34-33-3-1 is consistent with our Trial Rules regarding service of process but goes further, affirmatively appointing the Secretary of State as a nonresident motor vehicle operator's attorney for service of process as a matter of law. In particular, that statute states in relevant part:

> (b) The operation of a motor vehicle [in Indiana] by a [nonresident or its agent] is considered to be an appointment by

---

[3] In its order denying the Appellants' motion to set aside the default judgment, the trial court relied on Professor Harvey's assessment that, when a nonresident defendant does not receive actual service, due process is satisfied when service is made upon the Indiana Secretary of State pursuant to Trial Rule 4.10. *See* 1 William F. Harvey, Ind. Prac. § 4.10 at 367-70 (3rd ed. 1999).

the person of the secretary of state to be the person's attorney upon whom process may be served in any action or proceeding against the person arising from an accident or collision in which the person may be involved while operating or permitting to be operated a motor vehicle on a street or highway or any other place in Indiana.

(c) The operation is an agreement that process against the person has the same legal force and validity as if served upon the person personally.

Ind. Code § 34-33-3-1 (2010).

[16] With that legal framework in mind, the Appellants argue on appeal that Reimer failed to provide adequate service to either White or American Transport. We address the Appellants' arguments with respect to White and American Transport separately.

### *Issue One: Service On White*

[17] The Appellants first assert that Reimer's service on White was insufficient. Specifically, the Appellants contend that the CCS entries were inconsistent and, as such, could not demonstrate that sufficient service on White had occurred.[4] Further, the Appellants contend that White was never served even though Reimer received a return receipt, signed by a third party, from the address that

---

[4] Although the CCS entries were inconsistent, at oral argument counsel for the Appellants acknowledged that the CCS entries read "refused to sign" as opposed to "not at this address" or "unclaimed." Only the latter two notations would have suggested that the person upon whom service had been attempted did not live at the residence served. T.R. 4.16(A)(2) ("A person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers.").

White provided on the police report.  Finally, because the Appellants contend that White was not served at that address, they further contend that service on White through the Secretary of State was not reasonably calculated to reach him there.

[18]     We reject the Appellants' arguments.  As a matter of law, White had sufficient notice of Reimer's lawsuit.  "Service delivered by United States mail, postage prepaid, as certified mail with a return receipt satisfies the method requirement of due process. . . .  [A]ctual delivery to the party is not jurisdictionally necessary."  *Buck v. P.J.T.*, 182 Ind. App. 71, 73, 394 N.E.2d 935, 937 (1979), *trans. denied.*  There is no question that Reimer satisfied that burden here when he served White at the Thebes, Illinois, address, which White had provided to Indiana's law enforcement following the collision, and that service was received and signed for by a party at that address, albeit someone other than White.  And the Appellants do not suggest on appeal that "another method obviously better calculated to give notice [wa]s available" to Reimer.[5]  *Anderson*, 4 N.E.3d at 1206-07.  Indeed, the fact that, in an abundance of caution, Reimer took the additional step of serving White through the Secretary of State is irrelevant.  We hold that White had sufficient notice of the lawsuit and, as such, we affirm the trial court's denial of the Appellants' motion to set aside the default judgment with respect to White.

[5]  At oral argument, counsel for the Appellants suggested that Reimer could have utilized an online search engine or online social media to ascertain White's location.  But there was no evidence presented at trial that such efforts, even if minimal, would have revealed or otherwise indicated White's location.  Accordingly, we do not consider this argument in this appeal.

### Issue Two: Service On American Transport

[19] The Appellants next contend that Reimer's service on American Transport through the Secretary of State was insufficient. Specifically, the Appellants assert that, because Reimer did not exercise due diligence to ascertain American Transport's whereabouts before attempting service through the Secretary of State, that service did not comport with the demands of due process. We cannot agree.

[20] In support of their argument, the Appellants rely on *Munster v. Groce*, 829 N.E.2d 52 (Ind. Ct. App. 2005). In *Munster*, all the parties were Indiana residents. The plaintiff, Munster, twice attempted to serve the defendant, Groce, at addresses that resulted in a return of service. When those attempts failed, rather than attempt service by publication Munster instead attempted to serve Groce through the Secretary of State at those same addresses. We held that Munster's attempt at constructive service through the Secretary of State failed to satisfy the requirements of due process. *Id.* at 61. In particular, we stated:

> in order for such service [on the Secretary of State pursuant to Trial Rule 4.10] to be constitutionally effective[,] there must be a showing by the plaintiff or party who sought such service that due diligence to ascertain the defendant's current whereabouts was exercised and service through the Secretary of State was reasonable under the circumstances.

*Id.* at 60-61.

[21] Appellants' reliance on *Munster* is misplaced. In *Munster*, the defendant was a person and a resident of Indiana. Yet, when attempts at actual service on the defendant failed, the plaintiff eschewed "[t]he textbook example of constructive service and notice . . . by publication." *Id.* at 58. Instead, the plaintiff sought constructive service through the Secretary of State. We were openly critical of the plaintiff's apparent decision to "sidestep the due diligence requirements of notice by publication and simply ask for service through the Secretary of State." *Id.* at 61. In other words, in *Munster* there appeared to be "another method obviously better calculated to give notice" available to the plaintiff than the method of service actually chosen by the plaintiff. *See Anderson*, 4 N.E.3d at 1206-07.

[22] That is not the case here, however, where it is undisputed that the defendant, American Transport, is a nonresident company. As a nonresident that authorized its agent, White, to operate its motor vehicle in Indiana, as a matter of law the Secretary of State was American Transport's "attorney upon whom process may be served in any action . . . arising from an accident or collision" in Indiana. I.C. § 34-33-3-1(b). Further, when American Transport operated its vehicle in Indiana, it agreed "that process against [the Secretary of State] has the same legal force and validity as if served upon [American Transport] personally." I.C. § 34-33-3-1(c).

[23] In other words, unlike in *Munster*, here the Secretary of State was, as a matter of law, American Transport's attorney for purposes of service of process, and service on the Secretary of State was service on American Transport. I.C. § 34-

33-3-1(b), (c). Thus, Reimer's reliance on Trial Rules 4.4(B) and 4.10(A) was reasonable under the circumstances when he served American Transport's attorney pursuant to Indiana Code Section 34-33-3-1, using the business address provided by American Transport's employee to Indiana law enforcement officers who were investigating the collision. And, unlike in *Munster*, here there was not "another method obviously better calculated to give notice" to American Transport than the method actually employed by Reimer.[6] *See Anderson*, 4 N.E.3d at 1206-07.

### *Conclusion*

In sum, we agree with the trial court that, under the facts and circumstances of this case, Reimer's service on White at his Thebes, Illinois, address and service on American Transport through the Secretary of State was reasonably calculated to inform the Appellants that an action had been instituted against them, was effective under the Indiana Trial Rules, and was consistent with due process. Accordingly, we affirm the trial court's order denying the Appellants' joint motion to set aside the default judgment.

Affirmed.

Robb, J., and Crone, J., concur.

---

[6] Indeed, while it is not disputed that American Transport is not an Indiana company, its precise whereabouts are wholly unknown, which would make notice by publication, discussed in *Munster*, impossible to achieve with respect to American Transport.