## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 13 2018, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Pyle
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEY FOR APPELLEE

Sophia J. Arshad
Arshad, Pangere and Warring, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

First National Bank of Illinois,

*Appellant-Defendant*,

v.

Blaine O'Neill-Perez,

*Appellee-Plaintiff*.

June 13, 2018

Court of Appeals Case No.
45A03-1710-CT-2453

Appeal from the Lake Superior Court

The Honorable John R. Pera, Judge

Trial Court Cause No.
45D10-1401-CT-6

**Brown, Judge.**

[1] First National Bank of Illinois ("FNBI") appeals the trial court's denial of its motion to set aside default judgment. We affirm.

## Facts and Procedural History

[2] On January 10, 2014, Blaine O'Neill-Perez filed a complaint against FNBI and Homewood Disposal Service, Inc. ("Homewood Disposal") which alleged in part that FNBI owned certain property in Dyer, Indiana; that on or about January 13, 2012, FNBI invited the public, including him, to its property; that as a result of FNBI's negligence, he fell on the premises and suffered injuries; and that his damages included but were not limited to loss of income, medical expenses and treatment, and permanent scarring.

[3] An entry in the chronological case summary ("CCS") dated January 21, 2014, states that summons and complaint were issued by certified mail to FNBI and Homewood Disposal and provided tracking numbers. The entry indicates that the summons was sent to FNBI, "C/O Thomas Cornwell," at 54 East Road, Chesterton, Indiana. Appellant's Appendix Volume II at 9. An entry in the CCS dated February 21, 2014, states "Return: 01/30/2014" and "Unsuccessful – Unable to forward" with respect to the tracking number associated with the summons sent by certified mail to FNBI. *Id.* at 8.

[4] An entry in the CCS dated December 30, 2014, states: "Mail filed in Clerk's office on 12-30-14 Plaintiff, Blaine O'Neill-Perez files Alias Summons. (2 fs shrf, 1-7-15)." *Id.* An entry in the CCS dated January 7, 2015, states "Issue Date: 01/07/2015," "Service: Alias Summons and Complaint," "Method:

Service by Foreign Sheriff Porter Co Sh," listed FNBI, "C/O Thomas Cornwell, 54 East Road, Chesterton, IN," and provided a tracking number of F000020046. *Id*. at 7. An entry in the CCS dated January 30, 2015, states:

> Copy left at address. Copy mailed.
> Method: Service by Foreign Sheriff
> Issued: 01/07/2015
> Service: Alias Summons and Complaint
> Served: 01/14/2015
> Return: 01/23/2015
> On: First National Bank Illinois
> Signed By:
> Reason: Copy left at address. Copy Mailed.
> Comment:
> Tracking #: F000020046

*Id*. An entry in the CCS dated February 17, 2015, states:

> Copy Left / Copy Mailed Mail Returned
> Method: Service by Foreign Sheriff
> Issued: 01/07/2015
> Service: Alias Summons and Complaint
> Served:
> Return: 02/06/2015
> On: First National Bank Illinois
> Signed By:
> Reason: Copy Left / Copy Mailed
> Mail Returned
> Comment: Temporarily away
> Tracking #: F000020046

*Id*. at 6.

[5] On May 27, 2015, O'Neill-Perez and Homewood Disposal reported that they reached a settlement, and the court ordered the matter dismissed with prejudice

as to Homewood Disposal and that the case remained pending as to FNBI. On May 28, 2015, O'Neill-Perez filed a praecipe for service by publication pursuant to Ind. Trial Rule 4.13. On August 5, 2016, O'Neill-Perez filed a proof of publication which indicated that a notice to FNBI of the complaint filed against it on January 10, 2014, was published in the Crown Point Star newspaper on July 14, 21, and 28, 2016.

[6] On November 10, 2016, O'Neill-Perez filed a motion for default judgment against FNBI. On November 15, 2016, the court entered a default judgment against FNBI and scheduled a damages hearing. On January 17, 2017, the court held a damages hearing, and on January 25, 2017, it entered a judgment in favor of O'Neill-Perez and against FNBI in the amount of $75,000. On May 5, 2017, O'Neill-Perez filed a motion for proceedings supplemental to enforce judgment. A CCS entry dated May 12, 2017, states: "Court grants order 5-9-17, received 5-10-17 for the defendant, to appear in Court. Matter is hereby set for hearing on 7-7-17 at 9 a.m. (mailed 5-12-17)." *Id.* at 4.

[7] On June 28, 2017, FNBI filed a motion to set aside default judgment and requested that the court set aside the November 15, 2016 default judgment and the January 25, 2017 judgment. FNBI argued that the default judgment against it should be deemed void, that "[t]he method of service relied upon by [O'Neill-Perez] is publication" and that publication was not a valid method of service. FNBI asserted that this is not an in rem action, that Trial Rule 60(B)(4) permitted relief when service was made only by publication, and that Trial Rule 60(B)(6) required the court to set aside a default judgment obtained without

ever obtaining valid service. *Id*. at 34. FNBI also stated that, on or about May 19, 2016, it became an inactive entity in the records of the Indiana Secretary of State based upon a May 2013 merger with Old Plank Trail Community Bank, N.A., ("Old Plank") as shown in the documents attached to the motion as Exhibit A. It argued that O'Neill-Perez resorting to service by publication without setting forth the efforts made to obtain proper service through its merged surviving entity Old Plank establishes that he did not show the diligence required to ascertain a party's whereabouts.

[8]     The documents attached to FNBI's motion to set aside default judgment as Exhibit A included a record from the Indiana Secretary of State for FNBI dated June 26, 2017, identifying a principal office address in Lansing, Illinois, and indicating "Creation Date: 02/12/2007"; "Business Status: Merged"; "Inactive Date: 05/19/2016"; and, under the heading "Registered Agent Information," "Type: Individual," "Name: Thomas C. Cornwell, Attorney at Law," and "Address: 54 East Road, Chesterton, IN 46304, USA." *Id*. at 39. The exhibit further included a filing history record for FNBI dated June 26, 2017, showing that a Certificate of Admission was filed and became effective on February 12, 2007, and that Articles of Merger were filed on May 24, 2016, and became effective on May 19, 2016. Also, the exhibit included a letter dated May 19, 2016, on letterhead stating "Wintrust," addressed to the Indiana Secretary of State, stating in part "[t]hank you for discussing the mechanics of correctly reflecting with the Indiana Secretary of State the acquisition[] of [FNBI] by Old Plank . . . effective as of May 1, 2013," that a copy of an official certification

issued by the Office of the Comptroller of the Currency to merge FNBI with and into Old Plank was attached to the letter, and that "Old Plank would very much like for the service of processes to be forwarded to its registered agent . . . located at . . . Indianapolis, IN . . . rather than [FNBI's] registered agent, Thomas C. Cromwell,[1] because it hinders Old Plank's response time." *Id*. at 43. A file-stamp on this letter indicates that it was filed with the Indiana Secretary of State on May 19, 2016.

[9] O'Neill-Perez filed a response to FNBI's motion to set aside default judgment in which he argued, "[a]s noted in the Exhibit 'A' attached to [FNBI's] Motion, at all relevant times, [FNBI's] registered agent was Mr. Thomas Cornwell with an address located at 54 East Road, Chesterton, Indiana." *Id*. at 46. He argued that he attempted to serve FNBI's registered agent by certified mail; that, as a result of the failure of FNBI's registered agent to claim the certified mailing, he filed an alias summons on or about December 30, 2014; and that the Porter County Sheriff's Department left a copy of the complaint at the registered agent's address on or about January 14, 2015. He stated that, because FNBI had not responded to his two attempts of serving the registered agent at his address, he filed a notice to FNBI and praecipe for service for publication on May 28, 2015. O'Neill-Perez also argued that his counsel "mailed copies of the above pleadings to [FNBI's] registered agent," that "[t]he above mailings were

---

[1] The letter states "Thomas C. Cromwell," which appears to be a scrivener's error as the Indiana Secretary of State's records show the registered agent's name as "Thomas C. Cornwell." *See* Appellant's Appendix Volume II at 43, 39.

not returned to [his] counsel's office," and his counsel "was contacted by a representative of [FNBI] after filing the praecipe for service by publication." *Id.* at 47. FNBI filed a reply arguing that, "[a]s a result of [FNBI] being an inactive entity, its registered agent was also inactive, and, therefore the fact that [O'Neill-Perez] mailed pleadings to Mr. Cornwell throughout the course of these proceedings should have no bearing on this Court setting aside the default judgment." *Id.* at 54-55 (footnote omitted).

[10] On September 12, 2017, the trial court held a hearing on FNBI's motion to set aside default judgment. FNBI's counsel indicated that the address at which O'Neill-Perez had attempted service was Cornwell's home address. The court stated that, according to O'Neill-Perez, "certified mail was sent there [Cornwell's address], it was unclaimed, and then the Sheriff went out there and dropped papers off" and "then [O'Neill-Perez] followed up with corresponding with [FNBI] at that address." Transcript Volume 2 at 18. FNBI's counsel replied "[t]hat is correct. . . . there's notations . . . that show the agent was temporarily away and things like that. But that gets to our theory . . . that as of May 2013, there's no such entity as" FNBI. *Id.* The court asked if the registered agent had been changed, and FNBI's counsel stated "the formal merger with the Indiana Secretary of State for those records was not done until May 2016. That's - the records reflect that" and "there were notices filed back in May of 2013, showing that these entities merged. . . . I know these aren't formal notices, but there was widely publicized information that [FNBI] had

been bought out by Wintrust and this Old Plank . . . . So, there was notice." *Id.* at 19.

[11] O'Neill-Perez's counsel argued that the public record, by FNBI's own admission, demonstrated that FNBI's registered agent was, at all relevant times, Thomas Cornwell and he was located at 54 East Road in Chesterton. He argued that the letter to the Indiana Secretary of State from Wintrust dated May 19, 2016, makes an admission that Cornwell was the registered agent up until that date. He argued that service was effectuated on FNBI on January 14, 2015, when the Porter County Sheriff's Department certified it had left a copy of the summons and complaint at the registered agent's address and mailed a copy of that summons to the address. When asked "[s]o, why did you do publication," O'Neill-Perez's counsel answered "I was giving them another chance. . . . I think I over served them, if anything, is my point. I could have defaulted them previously." *Id.* at 23.

[12] The court stated:

> The motion to set aside the default judgment is denied. There's no evidence in front of me, whatsoever, from Mr. Cornwell that he never received notice of these proceedings, nor by affidavit or by testimony.
>
> So, it's up - it's a defense burden to demonstrate to me by the greater weight of the evidence that he actually did not get these papers. The record indicates that he was served personally by the Sheriff of Porter County on January 14th of 2015 and never responded to the lawsuit.

> The August 5, 2016 publication is mere surplusage. It was not
> needed. [O'Neill-Perez] . . . could have moved for and gotten a
> default judgment long before that on the basis of the service in
> Porter County.
>
> But the real problem, here, is the lack of any evidence, any
> testimony from any witness that [FNBI] did not get the notice or
> any evidence about a meritorious defense, both of which are
> required under the rules.
>
> So, for those reasons, your Motion to Set Aside the Default
> Judgment is denied . . . .

*Id*. at 28. On September 22, 2017, the trial court entered a written order
providing that, for the reasons stated on the record, it denied FNBI's motion to
set aside default judgment.

## *Discussion*

[13] The entry of a default judgment is authorized by Ind. Trial Rule 55(A), and
pursuant to Trial Rule 55(C) a judgment by default which has been entered may
be set aside by the court for the grounds and in accordance with the provisions
of Trial Rule 60(B). The decision whether to set aside a default judgment is
given substantial deference on appeal. *Huntington Nat. Bank v. Car-X Assoc.
Corp.*, 39 N.E.3d 652, 655 (Ind. 2015) (citation omitted). Our standard of
review is generally limited to determining whether the trial court abused its
discretion. *Id*. An abuse of discretion may occur if the trial court's decision is
clearly against the logic and effect of the facts and circumstances before the
court or if the court has misinterpreted the law. *Id*. Upon a motion for relief

from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). *Id.*

[14] Ind. Trial Rule 60(B) provides in part:

(B) Mistake--Excusable neglect--Newly discovered evidence--Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

* * * * *

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

* * * * *

(6) the judgment is void;

* * * * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

. . . . A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

[15] In Indiana, whether a judgment is void turns on whether the defendant was served with process effective for that purpose under the Indiana Rules of Procedure. *Jordache White & Am. Transp., LLC v. Reimer*, 61 N.E.3d 301, 304 (Ind. Ct. App. 2016), *reh'g denied*, *trans. denied*. Personal jurisdiction is a

question of law. *Id*. at 305 (citation omitted). Therefore, our review is de novo, and we do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. *Id*. (citation omitted). However, to the extent that personal jurisdiction turns on disputed facts, the trial court's findings of fact are reviewed for clear error. *Id*. (citation omitted). If a judgment is void, the trial court cannot enforce it and the motion under 60(B)(6) must be granted; if a judgment is valid, the trial court cannot declare it void and the motion must be denied. *Id*. at 305 (citation omitted).

[16] FNBI argues that O'Neill-Perez's attempts to locate and serve it did not meet the diligence tests for service by publication. FBNI also asserts that excusable neglect existed and that, at the time O'Neill-Perez elected to serve it in July 2016, FNBI was an inactive entity and that it would present a meritorious defense that it lacked ownership of the subject property.

[17] O'Neill-Perez argues that, if FNBI committed any error in reporting its corporate changes to the Secretary of State, it should be charged with the error, that FNBI's lack of compliance with the law and any breakdown in communication with its own registered agent must be borne by it alone, and that FNBI merged with another entity and did not dissolve. He also argues that FNBI raises the argument of excusable neglect for the first time on appeal and the argument is waived.

[18] In January 2014 and in January 2015, Ind. Code § 23-1-49-7 provided in part that a foreign corporation authorized to transact business in Indiana must

continuously maintain in Indiana a registered office and a registered agent who may be an individual who resides in Indiana.[2] Ind. Code § 23-1-49-8 provided in part that a foreign corporation may change its registered office or registered agent by delivering to the Secretary of State for filing a statement of change that sets forth certain information regarding the current and new registered office or agent. Ind. Code § 23-1-49-9 provided in part that a registered agent may resign the agency appointment by delivering to the Secretary of State for filing a statement of resignation which may include a statement that the registered office is also discontinued. Ind. Code § 23-1-49-10(a) provided: "The registered agent of a foreign corporation authorized to transact business in Indiana is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation."[3]

[19]     Ind. Trial Rule 4.6 governs service upon organizations and provides in part:

> (A) Persons to be served. Service upon an organization may be made as follows:
>
>> (1)    In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

---

[2] *See* Ind. Code § 23-1-49-7 (1986) (subsequently amended by Pub. L. No. 63-2014, § 6 (eff. July 1, 2014)). Ind. Code §§ 23-1-49-1 to 23-1-49-10 were repealed by Pub. L. No. 118-2017, § 22 (eff. Jan. 1, 2018). Ind. Code §§ 23-0.5-4, which became effective January 1, 2018, govern the designation and maintenance of a registered agent by certain entities including foreign entities.

[3] Ind. Code § 23-0.5-4-10(a), which became effective January 1, 2018, provides: "A represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent."

* * * * *

> (B) Manner of service. Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules for service upon individuals . . . .

Ind. Trial Rule 4.1 governs service on individuals and, prior to January 1, 2018, provided:

> (A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> > (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> >
> > (2) delivering a copy of the summons and complaint to him personally; or
> >
> > (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> >
> > (4) serving his agent as provided by rule, statute or valid agreement.
>
> (B) Copy Service to Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of

the person being served, and this fact shall be shown upon the return.[4]

[21] Ind. Trial Rule 4.12 relates to service by a sheriff or other officer and provides in part that, "[w]henever service is made by delivering a copy to a person personally or by leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose." Ind. Trial Rule 4.5 provides that, "[w]hen the person to be served is a resident of this state who cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or has left the state, summons may be served in the manner provided by Rule 4.9 (summons in in rem actions)." Ind. Trial Rule 4.9, in turn, permits service by publication pursuant to Ind. Trial Rule 4.13, and Rule 4.13 governs service by publication.

[22] In this case, the record reveals that, according to the Indiana Secretary of State's records, FNBI's registered agent in January of 2015 was Thomas Cornwell and his address was 54 East Road, Chesterton, Indiana, and that, as reflected in the January 7, January 30, and February 17, 2015 CCS entries, service was effected upon FNBI by the issuance of an alias summons at O'Neill-Perez's request. The Porter County Sheriff's Department left a copy of the complaint and

---

[4] The current version of Rule 4.1 provides, in part (B), "a copy of the summons *and* the complaint to the last known address . . . ." Order Amending Rules of Trial Procedure, No. 94S00-1701-MS-5 (Jul. 31, 2017) (substituting the word "and," emphasized above, for the word "without" in previous version of part (B)).

summons at 54 East Road, Chesterton, Indiana, on January 14, 2015, and mailing of a copy of the summons to the address. *See* Appellant's Appendix Volume II at 6-7 (setting forth CCS entries, including January 30, 2015 entry stating "Served: 01/14/2015" and "Copy left at address. Copy Mailed").

[23] FNBI's registered agent, Cornwell, was its agent for service of process, *see* Ind. Code § 23-1-49-10(a) (repealed eff. Jan. 1, 2018) (a foreign corporation's registered agent "is the corporation's agent for service of process"), and FNBI was required to maintain a registered office and registered agent in Indiana. *See* Ind. Code § 23-1-49-7 (repealed eff. Jan. 1, 2018). FNBI does not argue that the address of 54 East Road, Chesterton, Indiana, was not the correct address or last known address for Cornwell as stated in the Indiana Secretary of State's records, that the Porter County Sheriff did not leave a copy of the summons and complaint at 54 East Road, Chesterton, Indiana, in January of 2015, or that a copy of the summons was not also mailed to the address as contemplated by Rules 4.6 and 4.1. Further, FNBI does not argue that, prior to January 14, 2015, it had changed its registered office or registered agent by delivering a statement of change to the Indiana Secretary of State or that Cornwell had resigned as its registered agent. We also observe that, while it may have merged with Old Plank in May of 2013, FNBI did not deliver any statement of change to the Indiana Secretary of State for filing to modify its registered agent designation until May of 2016, well after service had been made upon Cornwell in January of 2015. *See* Appellant's Appendix Volume II at 41-42 (showing articles of merger were filed on May 24, 2016, and were effective on May 19,

2016, and certificate of merger dated May 24, 2016); *id*. at 43 (letter to the Indiana Secretary of State, file-stamped on May 19, 2016, requesting its service of processes to be forwarded to its registered agent rather than FNBI's registered agent, Thomas C. Cornwell).

[24] Based upon the record, we cannot say that FNBI has met its burden of showing that service of process was not effected upon it consistent with Trial Rules 4.6 and 4.1. Accordingly, FNBI has not established that the trial court's entry of default judgment was void and that it was entitled to relief under Ind. Trial Rule 60(B)(6). Further, as service was made upon FNBI's agent for service of process in accordance with Trial Rule 4.1(A)(3), O'Neill-Perez was not required to also serve FNBI by publication, and Trial Rule 60(B)(4) is not applicable. *See Wells Fargo Bank, N.A. v. Dechert*, 12 N.E.3d 262, 267 (Ind. Ct. App. 2014) (observing that the defendant's predecessor, and thus the defendant, was served with notice of the suit by mail, not by publication, and was thus not entitled to relief under Rule 60(B)(4)); *see also Reimer*, 61 N.E.3d at 307 ("Indeed, the fact that, in an abundance of caution, Reimer took the additional step of serving White through the Secretary of State is irrelevant."). Also, to the extent FNBI did not waive any argument under Trial Rule 60(B)(1) or (8),[5] we find that any failure by FNBI to file a statement of change with the Indiana Secretary of State

---

[5] In its motion to set aside, after arguing that it did not receive proper service of process, FNBI states "FNBI also has meritorious defenses as to [O'Neill-Perez's] claims thereby further warranting a set aside of the default judgment under T.R. 60(B)(1) and 60(B)(8). However, the issue of meritorious defenses need not be decided here as [O'Neill-Perez's] method of service as to FNBI is improper." Appellant's Appendix Volume II at 37.

to modify its registered agent designation or any breakdown in communication between FNBI and Cornwell as its registered agent of record does not constitute a mistake, surprise, excusable neglect, or any other reason justifying relief from the entry of default judgment under these circumstances. *See Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994) (holding that the risk of a breakdown in communication between a defendant and its registered agent is one that should be borne by the defendant, not a third-party complainant, and that the defendant was not entitled to relief from default judgment under Trial Rule 60(B)(1) or (8)), *trans. denied*.

### Conclusion

For the foregoing reasons, we affirm the trial court's denial of FNBI's motion to set aside default judgment.

Affirmed.

Bailey, J., and Crone, J., concur.